# EXHIBIT D

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | ) | |
| Martin Shkreli | ) | Case Number: 15CR637[KAM] |
| | ) | USM Number: 87850-053 |
| | ) | Benjamin Brafman, Esq |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  Three, Six and Eight of an eight-count superseding indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 15 U.S.C. §§ 78j(b), 78ff | Securities Fraud, Class C Felony | 9/30/2014 | 3 & 6 |
| 18 U.S.C. § 371 | Conspiracy to Commit Securities Fraud, Class D Felony | 9/30/2014 | 8 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)  1, 2, 4-5 and 7 of an eight-count superseding indictment.

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/9/2018
Date of Imposition of Judgment

/s/ USDJ KIYO A. MATSUMOTO
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

3/23/2018
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: Martin Shkreli
CASE NUMBER: 15CR637[KAM]

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Eighty-four months, with credit for time served, on each of Counts Three & Six. Sixty months, with credit for time served, on Count Eight. The custodial terms for all counts are to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

If appropriate, the minimum-security camp at USP Canaan, or other similar facility close to New York City.

Defendant to participate in mental health treatment.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: Martin Shkreli
CASE NUMBER: 15CR637[KAM]

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three years on each count, to run concurrently, with special conditions (see below).

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 5 of 16 PageID #: 101
Case 1:15-cr-00637-KAM Document 566 Filed 03/26/18 Page 4 of 7 PageID #: 18142

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Martin Shkreli
CASE NUMBER: 15CR637[KAM]

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 6 of 16 PageID #: 102
Case 1:15-cr-00637-KAM Document 566 Filed 03/26/18 Page 5 of 7 PageID #: 18143
AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: Martin Shkreli
CASE NUMBER: 15CR637[KAM]

## SPECIAL CONDITIONS OF SUPERVISION

1. Participate in mental health treatment under the supervision of the Probation Department, truthfully disclose Mr. Shkreli's financial condition to enable the Probation Department to seek reasonable costs and contributions for treatment, and cooperate with the Probation Department to secure payment for treatment from any third-party source of insurance.

2. Comply with the fine and forfeiture orders in this case.

3. Engage in 20 hours per month of community service, under Probation Department supervision.

4. Refrain from engaging in self-employment which involves access to clients' assets, investments, or money, or solicitation of assets, investments, or money, and assist probation in verifying any employment that Mr. Shkreli secures while under supervision. For the purposes of this order, self-employment includes companies or entities in which Mr. Shkreli is a controlling or majority stakeholder or an officer or director, or is otherwise in a position to exercise, control, or direct the operations of the company or entity.

5. Provide the Probation Department and the United States Attorney's Office with complete and truthful disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings or other financial accounts for either personal or business purposes without the knowledge and prior approval of the Probation Department. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorizations to release information forms permitting the US Probation Department access to his financial information and records.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: Martin Shkreli
CASE NUMBER: 15CR637[KAM]

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 300.00 | $ | $ 75,000.00 | $ Deferred |

☑ The determination of restitution is deferred until 4/9/2018. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: Martin Shkreli
CASE NUMBER: 15CR637[KAM]

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 75,300.00 due immediately, balance due

☐ not later than _____, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

Payment of $75,000 fine and $300 special assessment due immediately. The issue of restitution will be left open pending further submissions.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Substitute assets up to $7,360,450, specifically, (1) a $5 million E*Trade account ending in 0258; (2) Defendant's interest in Vyera Pharmaceuticals, formerly known as Turing Pharmaceuticals; (3) a Picasso painting; (4) the disc or album "Once Upon a Time in Shaolin" by the Wu Tang Clan; and (5) the disc or album "Tha Carter V" by Lil' Wayne. (See Order of Forfeiture.)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

SLR:LDM:CSK
F.#2014R00501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

MARTIN SHKRELI,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

15 CR 637 (S-1)(KAM)

WHEREAS, on or about June 3, 2016, defendant MARTIN SHKRELI (the "defendant") was charged in a Superseding Indictment (the "Indictment") with multiple counts of conspiracy to commit securities fraud, conspiracy to commit wire fraud, securities fraud, and wire fraud (Counts One through Eight);

WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), the forfeiture of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of any of the charged offenses;

WHEREAS, on or about July 26, 2017, the defendant, by and through counsel, and the government stipulated to waive any right to have a jury determine the forfeiture, and agreed to have such determination made by the Court;

WHEREAS, on or about August 4, 2017, a jury found the defendant guilty of Count Three (securities fraud involving MSMB Capital), Count Six (securities fraud involving MSMB Healthcare) and Count Eight (conspiracy to commit securities fraud involving Retrophin unrestricted securities) (herein the "Offenses of Conviction");

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 10 of 16 PageID #: 406
Case 1:15-cr-00637-KAM Document 540-1 Filed 03/26/18 Page 2 of 8 PageID #: 15147
Case 1:15-cr-00637-KAM Document 540 Filed 03/05/18 Page 2 of 8 PageID #: 15865

WHEREAS, based on the submissions of the parties and all proceedings herein, the Court finds that the defendant must forfeit to the United States the amount of Seven Million, Three Hundred Sixty Thousand, Four Hundred and Fifty Dollars ($7,360,450.00) (the "Forfeiture Money Judgment"), which amount represents the total amount of proceeds obtained by the defendant as a result of the Offenses of Conviction.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Forfeiture Money Judgment is entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. All payments towards the Forfeiture Money Judgment shall be made by money order, or certified or official bank check, payable to "United States Marshals Service, EDNY" with the criminal docket number noted on the face of the check. The defendant shall cause said checks to be sent by overnight mail to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, Attention: Asset Forfeiture Unit.

3. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

4. Finding that the conditions for the forfeiture of substitute assets set forth in 21 U.S.C. § 853(p) have been met, the defendant shall forfeit his interest in the following assets (the "Substitute Assets"), as well as all proceeds traceable thereto, up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p):

    (a) $5 million in cash that is currently held in an E*Trade brokerage account ending in the digits "0258" as security for the defendant's

---

United States v. Martin Shkreli, 15 CR 637 (S-1)
Preliminary Order of Forfeiture
Page 2

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 11 of 16 PageID #: 407
Case 1:15-cr-00637-KAM Document 540-1 Filed 03/26/18 Page 3 of 8 PageID #: 15143
Case 1:15-cr-00637-KAM Document 540 Filed 03/05/18 Page 3 of 8 PageID #: 15866

bond, pursuant to orders of the Court dated January 7, 2016, August 24, 2016 and October 19, 2017;

(b) Vyera Pharmaceuticals (formerly known as Turing Pharmaceuticals);

(c) the album "Once Upon A Time in Shaolin" by the Wu Tang Clan;

(d) the album "Tha Carter V" by Lil Wayne; and

(e) a Picasso painting.

5. Upon forfeiture of the Substitute Assets, and following the resolution of any third-party claims, the value of the forfeited Substitute Assets shall be applied towards satisfaction of the Forfeiture Money Judgment.

6. Subject to the terms contained herein, the United States Attorney General or his designee is authorized to seize the Substitute Assets, or any proceeds traceable thereto, to collect the Forfeiture Money Judgment, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), to conduct any proper discovery, and to commence any applicable proceeding to comply with statutes governing third-party rights, including providing requisite notice of this Order and the forfeiture of the Substitute Assets, in accordance with the provisions of 21 U.S.C. § 853(n)(1).

7. The United States shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, and of its intent to dispose of the Substitute Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Substitute Assets.

8. Any person, other than the defendant, asserting a legal interest in any of the Substitute Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 12 of 16 PageID #: 408
Case 1:15-cr-00637-KAM Document 540-1 Filed 03/26/18 Page 4 of 8 PageID #: 15149
Case 1:15-cr-00637-KAM Document 540 Filed 03/05/18 Page 4 of 8 PageID #: 15867

validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c) and (d). Any petition filed in response to notice of the forfeiture of any of the Substitute Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

9. In accordance with Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), the government may seek to amend this Order at any time to forfeit additional substitute assets to satisfy the Forfeiture Money Judgment.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3), 21 U.S.C. §§ 853(g) and (o), and in order to preserve the value of the Substitute Assets and ensure that any other funds and/or assets available to satisfy the Forfeiture Money Judgment are not diminished, damaged and/or dissipated pending any appeal, neither the defendant nor anyone acting on his behalf, shall take any action that would have the effect of diminishing, damaging and/or dissipating the Substitute Assets, or any funds and/or assets that may be used to satisfy the Forfeiture Money Judgment.

11. Pursuant to Fed. R. Crim. P. 32.2(d) and 21 U.S.C. § 853(g), the execution of this Order and seizure of the Substitute Assets shall be stayed pending the final disposition of any appeal by the defendant, provided all of the following terms and conditions are fully met to ensure that such Substitute Assets, and any proceeds traceable thereto, up to the amount of the Forfeiture Money Judgment, remain available to be forfeited pending the conclusion of any appeal:

    (a) the Substitute Asset listed in subparagraph 4(a) above shall remain on

United States v. Martin Shkreli, 15 CR 637 (S-1)
Preliminary Order of Forfeiture
Page 4

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 13 of 16 PageID #: 109
Case 1:15-cr-00637-KAM Document 540-1 Filed 03/26/18 Page 6 of 8 PageID #: 15150
Case 1:15-cr-00637-KAM Document 540 Filed 03/05/18 Page 5 of 8 PageID #: 15868

deposit with the Clerk of Court, pending further order of this Court;

(b) within ten (10) days of the date of entry of this Order, the defendant shall provide an accounting of his interest in the Substitute Asset listed in subparagraph 4(b), and provide the government with copies of all stock certificates or other documents evidencing such interest;

(c) within ten (10) days of the date of entry of this Order, the defendant shall advise the government of the location of the Substitute Assets listed in subparagraphs 4(c) through 4(e) (the "Albums and the Artwork"). The defendant must obtain the government's approval as to where and how the Albums and Artwork are maintained and, if necessary, transported during the pendency of any appeal. Further, the defendant shall allow the government to inspect the Albums and Artwork at any time;

(d) the defendant, his heirs, assigns, agents, representatives, attorneys, and/or anyone authorized and acting on his behalf, as well as all persons or entities acting in concert with any of them (hereinafter collectively referred to as "the defendant and his representatives"), are restrained, enjoined and prohibited from taking any action that would affect the availability, marketability or value of the Substitute Assets. Further, the defendant and his representatives shall take all reasonable steps, and bear all costs necessary, to ensure that all the Substitute Assets are preserved and maintained in good and marketable condition, and are not damaged, diluted or diminished in value as a result of any actions taken or not taken by the defendant and his representatives;

(e) any income or compensation accruing from any of the Substitute Assets, including but not limited to any consideration for the defendant's interest in Vyera as a result of its acquisition, merger, or sale of assets, shall be placed in a designated interest-bearing, escrow

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 14 of 16 PageID #: 110
Case 1:15-cr-00637-KAM Document 540-1 Filed 03/26/18 Page 6 of 8 PageID #: 15510
Case 1:15-cr-00637-KAM Document 540 Filed 03/05/18 Page 6 of 8 PageID #: 15869

account so that it may be made available for forfeiture. Further, the defendant shall provide the government with an accounting of any income or compensation within ten (10) days of the date received; and

(f) the defendant and his representatives shall not, directly or indirectly, transfer, assign, license, waste, pledge, encumber, hypothecate, distribute, dissipate, dilute or remove from the Court's jurisdiction any of the Substitute Assets. The defendant and his representatives, however, may sell the defendant's interest in the Substitute Assets, or any portion thereof, pursuant to an arms-length transaction, for fair market value, if and only if they receive prior approval of the government. To obtain the government's approval, the defendant and his representatives shall, at least thirty (30) days in advance of any proposed arms-length sale: (1) advise the government in writing of the proposed sale, and provide a copy of any proposed contract of sale and other documentation requested by the government relating to the proposed sale; (2) demonstrate that the proposed sale is an arms-length transaction for fair market value; (3) demonstrate that all parties to the proposed sale have been provided with a copy of this Order; and (4) confirm the contract and other documents relating to the proposed sale provide that the proceeds from the proposed sale, up to the amount of the Forfeiture Money Judgment, shall be placed in a designated interest-bearing, escrow account so that they may be made available for forfeiture, and provide the government with documentary proof of same. Further, within five (5) business days of any approved sale, the defendant and his representatives shall provide the government with an accounting, including an itemized statement of all proceeds generated (in any form, including but not limited to, monies, shares of stock, etc.) from the sale as well as any costs incurred in connection with the sale.

12. In the event that the defendant pays the Forfeiture Money Judgment in

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 15 of 16 PageID #: 111
Case 1:15-cr-00637-KAM Document 540-1 Filed 03/26/18 Page 7 of 8 PageID #: 28152
Case 1:15-cr-00637-KAM Document 540 Filed 03/05/18 Page 7 of 8 PageID #: 15870

full, as provided in paragraph 2 above, or the defendant, pursuant to subparagraphs 11(e) and (f) above, sets aside enough funds (the "Escrowed Funds") to satisfy the Forfeiture Money Judgment, and no third-party claim to the Escrowed Funds is asserted, such payment by the defendant or Escrowed Funds shall be used to satisfy the Forfeiture Money Judgment and the remaining restraints on the Substitute Assets set forth in this Order shall be vacated.

13. In the event that the defendant fails to comply with any of the terms in paragraphs 10 through 12, above, the government may seize the Substitute Assets, up to the amount of the Forfeiture Money Judgment, notwithstanding the pendency of any appeal.

14. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to the defendant at the time of sentencing, and shall be made part of the defendant's sentence and included in the judgment of conviction. If no third party files a timely claim, the Substitute Assets, up to the amount of the Forfeiture Money Judgment, shall be forfeited to the United States and this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

15. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Case 1:24-cv-04126-PKC-MMH Document 4-5 Filed 06/10/24 Page 16 of 16 PageID #: 112
Case 1:15-cr-00637-KAM Document 506-1 Filed 03/26/18 Page 8 of 8 PageID #: 16153
Case 1:15-cr-00637-KAM Document 540 Filed 03/05/18 Page 8 of 8 PageID #: 15871

16. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       March 5, 2018

SO ORDERED:

/S/ USDJ KIYO A. MATSUMOTO
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK