UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PleasrDAO, an exempted foundation company,

                Plaintiff,

            - against -                      24-CV-4126 (PKC) (MMH)

Martin Shkreli,

                Defendant.
----------------------------------------------------------x

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, ORDER SEIZING ASSETS, AND ORDER FOR DISGORGEMENT AND ACCOUNTING

Plaintiff PleasrDAO ("Plaintiff") has applied for a temporary restraining order and an order to show cause for a preliminary injunction, an order seizing assets, and an order for disgorgement and accounting, all as to Defendant Martin Shkreli ("Defendant"). Plaintiff claims that Defendant, in violation of a forfeiture order entered by the Honorable Kiyo A. Matsumoto on March 26, 2018 (the "Forfeiture Order") in Defendant's prior criminal prosecution, *United States v. Shkreli*, No. 15-CR-637 (E.D.N.Y. Mar. 26, 2018), ECF No. 566-1, has improperly retained copies of data and files comprising the one-of-a-kind Wu-Tang Clan album *Once Upon a Time in Shaolin* (the "Album") and has released and/or intends to release the Album to the public, causing Plaintiff significant monetary and irreparable harm. Having reviewed Plaintiff's Verified Complaint and the moving papers and declarations submitted by Plaintiff, the Court finds that:

    a.    Plaintiff is likely to succeed on the merits or raises sufficiently serious questions going to the merits of its claims for third-party enforcement of the Forfeiture Order; violation of the Defend Trade Secrets Act; misappropriation of trade secrets; tortious interference with prospective economic advantage; unjust enrichment; and recovery of chattel;

b. Plaintiff will suffer immediate and irreparable injury—namely, erosion of the Album's uniqueness as an original work of art—and a temporary restraining order is further justified by the balance of hardships between the parties, together with the interests of the public at large; and that

c. Pursuant to Federal Rule of Civil Procedure 65(b)(1)(A), it is appropriate to issue this temporary restraining order without notice to Defendant because Plaintiff has presented specific facts in the filed declarations that clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendant can be heard in opposition to the motion.

Therefore, upon the accompanying (i) Declaration of Matthew Matkov, dated June 10, 2024, and its annexed exhibits; (ii) Declaration of Steven Cooper, dated June 11, 2024, and its annexed exhibit; (iii) Plaintiff's Memorandum of Law in Support of its Application for Temporary Restraining Order, Preliminary Injunction, Order Seizing Assets, and Order for Disgorgement and Accounting, dated June 10, 2024; and (iv) Plaintiff's Verified Complaint, it is hereby:

**ORDERED** that the above-named Defendant show cause before this Court at 225 Cadman Plaza East, Brooklyn, New York, Courtroom 4F North, on the 25th day of June, 2024, at 12:00 p.m. (noon), or as soon thereafter as counsel may be heard, why the Court should not order:

1. A preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure ("FRCP") and/or New York Civil Practice Law & Rules ("CPLR") § 6301 forbidding Defendant from possessing, using, disseminating, or selling any interests in the Album, including its data and files, or in any way causing further damage to Plaintiff respecting the Album;

2. Pursuant to the Court's equitable powers, Defendant to provide an inventory and account of (i) the copies of the Album's data and files that Defendant retained; (ii) the individuals to whom he distributed those data and files; and (iii) the profits traceable to his retention and distribution of the data and files, and/or an order authorizing Plaintiff to examine Defendant for the purpose of obtaining information regarding the location of his retained and distributed copies of the Album and its data and files, under FRCP 64 and CPLR § 7112; and

3. Seizure of all of Defendant's remaining copies of the Album's data and files and/or the return of those copies pursuant to 18 U.S.C. § 1836(b)(2), FRCP 64, and CPLR § 7102(d)(1).

**IT IS FURTHER ORDERED** that, sufficient reason having been shown, pending the hearing on Plaintiff's application for a preliminary injunction, but in no event beyond 14 days from the entry of this order, unless extended by the Court, Defendant is temporarily restrained and enjoined pursuant to FRCP 65 and/or CPLR 6301 from:

4A. using, disseminating, streaming, or selling any interests in the Album, including its data and files; or

4B. in any way causing further damage to Plaintiff respecting the Album; and

**IT IS FURTHER ORDERED** that, given the absence of proof that Defendant likely will be harmed by this temporary restraining order, Plaintiff need not post security; and

**IT IS FURTHER ORDERED** that personal service of a copy of this Order to Show Cause and the papers upon which it is based, upon Defendant on or before June 13, 2024, shall be deemed good and sufficient service thereof; and

**IT IS FURTHER ORDERED** that Defendant shall file responsive papers to Plaintiff's application, via ECF, on or before June 20, 2024; and

**IT IS FURTHER ORDERED** that Plaintiff shall file reply papers, if any, in further support of its application, via ECF, on or before June 24, 2024, at 12:00 p.m. (noon).

Defendant is warned that any act by him in violation of any of the terms of this Order, after actual notice of this Order to Defendant, may be considered and prosecuted as contempt of this Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 11, 2024, 6:00pm
       Brooklyn, New York