

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 13, 2024

**By CM/ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

> Re: *PleasrDAO v. Shkreli*, Case No. 1:24-cv-04126

Dear Judge Chen:

We represent PleasrDAO in the above-referenced action and request permission, pursuant to Federal Rule of Civil Procedure ("FRCP") 4(e) and New York Civil Practice Law & Rules ("CPLR") § 308(5), to serve Defendant Martin Shkreli ("Defendant") the Summons and Complaint, and the preliminary injunction papers filed on June 10, 2024, by alternative service. Pursuant to the Court's June 11, 2024 Temporary Restraining Order and Order to Show Cause ("TRO"), Plaintiff is required to personally serve Defendant by today, June 13, 2024. *See* ECF No. 10. Defendant already has made clear through his social media postings that he has actual notice of this litigation and the Court's TRO; yet, our efforts to personally serve him have been unsuccessful.

## 1. Traditional Service is Impractical

Under FRCP 4(e), service of the summons and complaint upon Defendant is effective if conducted in accordance with FRCP 4(e)(2) or CPLR § 308. Subsection 2 of FRCP 4(e) and CPLR § 308 collectively allow personal service, service on an authorized representative, service at an individual's residence, and service at an individual's place of employment.

We attempted to serve the summons and complaint on Defendant by these traditional means. On June 11, 2024, after we ran a search to obtain Defendant's address, we sent a process server to the address we obtained, 94-30 58th Avenue, Apt. 5B, Elmhurst, New York 11373. This address appears on Defendant's Department of Motor Vehicle Abstract of Driving Record. The process server reported that no one was there. On June 12, 2024, our process server returned and made contact with the superintendent and residents of the building, none of whom were familiar with Defendant. The mailbox for the address indicated that Defendant did not reside there.

Our process server also sought to reach Defendant at an address associated with his businesses, "DL Software," which is 122 E 42nd Street, 4th Floor, New York, NY 10168. The current tenants at the address indicated that DL Software had moved out several weeks ago, and did not provide a forwarding address. Online research has not uncovered a new address for DL Software. Plaintiffs conducted

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-180382657.7-RDCARNES



additional online searches, and reviewed Defendant's internet postings and web pages for recent addresses, to no avail.

For these reasons, service of the summons and complaint under traditional forms of service is impracticable by the Court's deadline.

### 2. Alternate Service will be Sufficient to Notify Defendant of this Litigation

Under New York law, if service is not practicable using traditional methods, service may be effected in any manner that the Court orders. *See* CPLR § 308(5). Alternative service is appropriate when traditional service is impracticable and the proposed alternate means of service comply with due process by making it likely that the defendant will receive notice of the lawsuit. *See, e.g.*, *Shanghai Shuoxin Int'l Co., Ltd. v. El Toro Carmesi*, LLC, 23-cv-08496 (ER), 2023 U.S. Dist. LEXIS 194196, *3 (S.D.N.Y. Nov. 30, 2023) (authorizing email service because there was evidence that defendant accessed email account at issue and thus was likely to receive notice).

We propose serving Defendant through his X account, Discord server, and business email. And, as discussed below, Defendant already has actual notice of the order.

Courts allow service via social media where, as here, the defendant actively engages on these platforms. *See, e.g., Kumar v. Alhunaif*, No. 23-CV-321 (DEH), 2023 U.S. Dist. LEXIS 220205, at *12 (S.D.N.Y. Dec. 8, 2023) (granting "multi-prong service through email, text message, WhatsApp, and Facebook comports with due process requirements."); *FNTV, LLC v. Starnes Media Grp. LLC*, 22-CV-4042, 2023 U.S. Dist. LEXIS 140036, *3-4 (E.D.N.Y. August 10, 2023) (granting default judgment after agreeing to alternate service on defendant, an active social media user, by "email, Facebook, Twitter, and Instagram"); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016) ("[C]ourts have allowed service by email and Facebook as additional methods of alternate service, which the Court finds is appropriate in this case."). These cases support serving Defendant three different ways.

***First***, Defendant is an active X (formerly Twitter) user with more than 178,000 followers. His username is @MartinShkreli, and he can be sent direct messages through his X account. *Defendant has posted or responded to dozens of tweets regarding this lawsuit since yesterday morning, <u>including responding to a screenshot of the complaint's cover page.</u>* A compilation of just some of these tweets is listed in Appendix A. Defendant also frequently uses X's "Spaces" feature where he participates in audio conversations with other X others. Yesterday morning, after the Court issued the TRO, Defendant participated in one such "Spaces" where he spoke about this lawsuit for approximately forty minutes and stated, among other things, "I'm gonna go see my lawyer to make sure I can win here."[1] Thus, Defendant has "actual notice of this action and, thus, as a practical matter, the purpose of the service requirement has already been accomplished." *Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293, at *13 (S.D.N.Y. July 17, 2020) (quoting *Arista Records LLC v. Media Servs. LLC*, 2008 U.S. Dist. LEXIS 16485, 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008)). Service

---

[1] https://x.com/i/spaces/1MYxNogjnQPKw



can be confirmed through the communication channels on which Defendant has already professed his notice. *See id.*

**Second**, Defendant is also active on an online platform entitled "Discord." Discord is an instant messaging social platform which allows communication through voice calls, video calls, text messaging, and media and files. Communication can be private or take place in virtual communities called "servers." Defendant's Discord username is martinshkreli. Defendant actively monitors his Discord server and frequently participates in voice chats with his server members and subscribers. As of the date of this letter, Defendant's Discord account maintains an activity status of "online," indicating that Defendant has recently used and monitored the platform.

**Third**, Plaintiff can effect service via e-mail. DL Software has an artificial intelligence program called "neets.ai," which Shkreli has promoted on his social media pages.[2] Neets.ai's website has a contact email address of contact@dl.software,[3] and Shkreli has tweeted that he can be reached at martin@dl.software.[4] It is thus likely that Defendant can be contacted through both email addresses.

\* \* \*

PleasrDAO respectfully requests that, pursuant to FRCP 4(e) and CPLR § 308(5), it be authorized to serve the Summons and Complaint, as well as the preliminary injunction motion papers on Defendant by one or more of the above methods.

Respectfully submitted,


/s/ Steven Cooper
Steven Cooper

SC:rc

Attachments

---

[2] *See, e.g.*, Martin Shkreli (@wagieeacc), X (Nov. 28, 2023 2:07 PM), https://x.com/wagieeacc/status/1729577825743638536 ("We ship 5 products on neets.ai").
[3] *See* https://neets.ai/.
[4] *See* Martin Shkreli (@wagieeacc), X (Nov. 28, 2023 2:07 PM), https://x.com/wagieeacc/status/1729577834396406109 ("Finally, we're looking for people to join the team: http://dl.software/jobs And we would enjoy meeting some investors: email martin@dl.software or DM me").



**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

## APPENDIX A



*X Post 1- https://x.com/MartinShkreli/status/1800507433959424094 (June 11, 2024 8:36 AM)*



*X Post 2 - https://x.com/MartinShkreli/status/1800568219822141555 (June 11, 2024 12:38 PM)*

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-180382657.7-RDCARNES

ReedSmith



*X Post 3- https://x.com/MartinShkreli/status/1800614043700322633 (June 11, 2024 3:40 PM)*



*X Post 4- https://x.com/MartinShkreli/status/1800682501415006245 (June 11, 2024 8:12 PM)*