

Erik Dykema, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685 e erik@bochner.law w bochner.law

**Via ECF** August 14, 2024

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *PleasrDAO v. Shkreli* (1:24-cv-04126-PKC-MMH) Motion to Dismiss

Dear Judge Chen:

This firm is counsel to Defendant Martin Shkreli ("Defendant") in the above-referenced matter and hereby submits this letter motion pursuant to Your Honor's Individual Practices, Rule 3(A), to request a pre-motion conference regarding Defendant's anticipated Motion to Dismiss Plaintiff PleasrDAO's ("Plaintiff") Complaint, ECF 1 ("Compl.").

**I. Introduction**

Plaintiff filed its Complaint against Defendant on June 10, 2024, alleging six causes of action: enforcement of an order under Fed. R. Civ. P. 71, misappropriation of a trade secret in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*, misappropriation of confidential information/trade secrets, tortious interference with prospective economic advantage under, unjust enrichment, and recovery of chattel under New York law. Compl. ¶¶ 55-108. This matter centers around the musical work titled "Once Upon A Time In Shaolin…," (the "Musical Work"), recorded by the Wu-Tang Clan, from whom Shkreli famously purchased both 50% of the copyrights in the Musical Work, as well as what was at that time the sole physical copy of the Musical Work contained in an elaborate engraved silver box (the "Engraved Box"). For the reasons that follow, Defendant requests a pre-motion conference on its anticipated motion to dismiss the Complaint for failing to state a claim for relief that can be granted.

**II. Plaintiff Lacks Standing To Enforce The Forfeiture Order**

Plaintiff invokes Fed. R. Civ. P. 71 as the basis for its claim seeking enforcement of the Forfeiture Order issued to Shkreli to facilitate the satisfaction of a former money judgment by a Court in this District. [ECF 4-5]. In any event, on July 27, 2021, the U.S. Department of Justice submitted a letter stating that the forfeiture money judgment entered against Shkreli had been satisfied. Letter by United States of America as to Martin Shkreli, *United States v. Martin Shkreli*, No. 15-637 (E.D.N.Y., July 27, 2021), ECF No. 778. However, Fed. R. Civ. P. 71 only permits parties to enforce former orders of the court if they are parties to the former decree or are referenced as beneficiaries in the former decree, as opposed to merely asserting that they are affected by the judgment. *United States v. Am. Soc. Of Composers, Authors, & Publishers*, 341 F.2d, 1003, 1008 (2d Cir. 1965).

As such, Plaintiff has failed to adequately satisfy its burden of demonstrating that it has standing to enforce the Forfeiture Order and its claims to enforce it should be dismissed. *United States v. Real Property & Improvements Located at 5000 Palmetto Drive*, 928 F.2d 373, 375 (11th Cir.1991); *Mercado v. U.S. Customs Servic*e, 873 F.2d 641, 644 (2d Cir.1989).

**III. Plaintiff's State and Federal Trade Secret Claims Should Dismissed For Lack of A Secret**



Erik Dykema, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685 e erik@bochner.law w bochner.law

The "most important consideration' in determining whether information is a trade secret is 'whether the information was secret." *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 421–22 (S.D.N.Y. 2021) (quoting *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 514 (S.D.N.Y. 2017); *Lehman v. Dow Jones & Co.*, 783 F.2d 285, 298 (2d Cir. 1986)). "If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." *Structured Cap. Sol., LLC v. Commerzbank AG*, 177 F. Supp. 3d 816, 832 (S.D.N.Y. 2016) (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984)).

The "trade secret" that is alleged to be misappropriated by defendant consists primarily of the Musical Work, which was disclosed to Shkreli when he purchased the copyrights and Engraved Box, with no obligation to protect its confidentiality. To the extent the "secret" is alleged to comprise other material contained within the Engraved Box, there was similarly no obligation of confidentiality imposed upon Shkreli. Thus, pursuant to *Structured Cap. Sol., LLC* and similar cases, any hypothetical trade secret-like property rights that either the original sellers, or Plaintiff, may have had, have been extinguished. Plaintiff has failed to plausibly allege the existence of a "secret" sufficient to form the basis for a trade secret claim under either state or federal law.

## IV. <u>Plaintiff's State Law Claims Are Preempted By The Copyright Act</u>

Plaintiff's claims for Tortious Interference with Prospective Economic Advantage, Unjust Enrichment, Recovery of Chattel/Replevin (the "Quasi-Copyright Claims") are preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* In pertinent part, the Copyright Act provides that the holder of copyrights to a "fixed work of authorship in a tangible medium of expression" is entitled to the exclusive right to reproduce the copyrighted work, to distribute copies to the public, and to perform the work publicly be means of a digital audio transmission. 17 U.S.C. § 106. Additionally, the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright…. are governed exclusively by this title." 17 U.S.C. § 301 (a). Moreover, "[n]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." *Id.*

Here, Plaintiff pled each of its Quasi-Copyright Claims based on the fact that Defendant has allegedly retained copies of the Musical Work in violation of their ownership of the Musical Work. Compl. ¶¶ 90-91, 99-100, 104. The Quasi-Copyright Claims are centered around the allegation that Shkreli reproduced and distributed copies of the Musical Work, and such allegations are squarely within the scope of the Copyright Act.

Because the Quasi-Copyright Claims are equivalent to claims covered by the Copyright Act, they are preempted by the same. If a court finds a state law claim to be completely preempted, it "must then dismiss the claim for failing to state a cause of action." *Adina's Jewels, Inc. v. Shashi, Inc.*, 442 F. Supp. 3d 766, 771 (S.D.N.Y. 2020)(citing *Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)) (dismissing claims for unfair competition, unjust enrichment, and violation of GBL § 349 as duplicative of the Copyright Act).

## V. <u>Plaintiff Has Failed To Plausibly Plead Its State Law Claims</u>

Plaintiff has additionally failed to articulate facts sufficient to plead its Quasi-Copyright Claims. Under New York law, pleading a claim for Tortious Interference with Prospective Business Advantage requires that a Plaintiff articulate "a business relationship" that was interfered with by the Defendant's conduct. Here, Plaintiff has not alleged the existence of any "business relationship"



Erik Dykema, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685 e erik@bochner.law w bochner.law

and relies on the contention that Defendant's conduct has violated its "economic prospects" and "rights." Compl. ¶¶ 91-92.

Plaintiff's claim for Unjust Enrichment is similarly deficient. To bring this cause of action, a claimant must plead that the offending party was enriched, at the claimant's expense, and that that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. *Mandarin Tradinc Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). However, as demonstrated by the Asset Purchase Agreement that led to Plaintiff's acquisition of the Engraved Box, any warranties related to the Engraved Box were explicitly and repeatedly disclaimed. Even taken in a light most favorable to Plaintiff, there are no facts that support a finding that Shkreli's retention of copies of the musical recordings, *which were explicitly permitted by the Original Purchase Agreement* and were disclaimed in the APA, offends "equity and good conscience." Original Purchase Agreement, Exhibit A to Defendant's Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

Finally, Plaintiff's claim for Recovery of Chattel/Replevin fails because this claim requires that a Defendant "intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in Plaintiff's possession, and that it was harmed thereby" *Abrams v. Pecile*, 2012 NY Misc. LEXIS 2606 (Sup Ct. New York County 2012) (quoting *School of Visual Arts v. Kuprewicz*, 3 Misc. 3d 278, 771 N.Y.S.2d 804 (Sup Ct. New York County 2003)). Since the Complaint does not articulate even a recital of the elements of a claim for recovery of chattel, and similarly does not claim that Defendant "interfered with Plaintiff's materially valuable interest" in the musical recordings, this claim should be dismissed.

## VI. Plaintiff Has Failed To Join Necessary Parties To This Action

In the event that this Court finds Plaintiff has satisfied the pleading requirements for any of its claims, Defendant's motion will seek an order that this Court join all necessary parties to this action. Specifically, Defendant requests that this Court join the original sellers of the copyrights to the Musical Work, and any other intermediary parties who may claim a property interest in the copyrights to the Musical Work. Shkreli's contract with the original sellers specifies that he, or his heirs, will receive the other 50% of the copyrights in the year 2103. *See* Original Purchase Agreement at 5. Plaintiff's claim that it owns the copyrights, from which the rest of its claims flow, as well as Shkreli's defenses, cannot be resolved without determining the ownership interests in these copyrights, which are believed to belong to a third party not before this Court. As such, they are necessary parties and should be required to join this action under Fed. R. Civ. P. 19.

## VII. Conclusion

For these reasons, Defendant respectfully requests a pre-motion conference in anticipation of its motion to dismiss Plaintiff's Complaint. We thank the Court for its time and consideration in this matter.



**Erik Dykema, Esq.**
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685 e erik@bochner.law w bochner.law

Respectfully submitted,

/s/ Erik Dykema
Erik Dykema, Esq.
Edward Paltzik, Esq.
Serge Krimnus, Esq.
Meredith Lloyd, Esq. (*pro hac vice*)
*Attorneys for Defendant*