# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PleasrDAO, an exempted foundation company,

               Plaintiff,

               v.                                       24-CV-4126 (PKC) (MMH)

Martin Shkreli,

               Defendant.
------------------------------------------------------------x

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

WHEREAS, Plaintiff PleasrDAO ("Plaintiff") applied on June 10, 2024 for a temporary restraining order and an order to show cause for a preliminary injunction, an order seizing assets, and an order for disgorgement and accounting, against Defendant Martin Shkreli ("Defendant");

WHEREAS, this Court entered an Order granting Plaintiff's application on June 11, 2024 (the "TRO") and ordered Defendant to show cause by June 25, 2024 why a preliminary injunction should not issue;

WHEREAS, upon Defendant's application for an extension, and good cause shown, this Court extended the TRO, and the date by which Defendant was to show cause why a preliminary injunction should not issue, to August 23, 2024 (the "Preliminary Injunction Hearing");

WHEREAS, on August 23, 2024 the Preliminary Injunction Hearing took place; and

WHEREAS, based on Plaintiff's Verified Complaint, the motion papers, declarations and exhibits submitted by the parties, and the Preliminary Injunction Hearing, the Court finds that:

1. Plaintiff raises sufficiently serious questions going to the merits of its claims for violation of the Defend Trade Secrets Act, misappropriation of trade secrets, and unjust enrichment;

2. Plaintiff will suffer immediate and irreparable injury if a preliminary injunction is not entered;

3. A balance of the hardships tips decidedly in Plaintiff's favor; and

4. A preliminary injunction is in the public interest.

Therefore, it is hereby:

**ORDERED** that Defendant is hereby preliminarily restrained and enjoined pursuant to Rule 65 of the Federal Rules of Civil Procedure ("FRCP") and/or New York Civil Practice Law & Rules ("CPLR") § 6301, pending a final determination of this action, from possessing, using, disseminating, or selling any interest in the Album, including its data and files or the contents of the Album, or in any way causing further damage to Plaintiff respecting the Album; and

**IT IS FURTHER ORDERED** that, pursuant to the Court's equitable powers, Defendant:

1. By August 30, 2024, sequester and turn over all of his copies, in any form, of the Album or its contents to defense counsel, and file:

    a. an affidavit under penalty of perjury attesting that he has sequestered and turned over all of his copies, in any form, of the Album or its contents to defense counsel, and that he no longer possesses any copies, in any form, of the Album or its contents; and

    b. a letter certifying that defense counsel has taken possession of said Album copies and contents.

2. By September 30, 2024, file an inventory and account in the form of an affidavit signed by Defendant under penalty of perjury, that includes (i) the nature and volume of the copies of the Album's data and files that Defendant retained; (ii) the names and contact information of the individuals to whom he distributed the data and files; (iii) the date and method of such distribution; and (iv) the amounts, source, date, and nature of any proceeds, revenues, profits, or other financial benefits made by Defendant from his distribution or playing of the Album or its contents.

**IT IS FURTHER ORDERED** that Plaintiff need not post security.

Defendant is warned that any act by him in violation of any of the terms of this Order, after actual notice of this Order to Defendant may be considered and prosecuted as contempt of this Court.

SO ORDERED.

Pamela K. Chen
United States District Judge

Dated: August \_\_\_, 2024, _____
Brooklyn, New York