**ReedSmith**
**Driving progress through partnership**

**Steven Cooper**
Direct Phone:  +1 212 205 6027
Email:  scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 6, 2024

**By CM/ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

Re:   *PleasrDAO v. Shkreli*, Case No. 1:24-cv-04126

Dear Judge Chen:

      We represent Plaintiff PleasrDAO in the above-referenced action and write regarding Defendant Martin Shkreli's August 30, 2024 Declaration ("Declaration") (ECF 31-1), filed in response to the Court's August 26, 2024 Preliminary Injunction Order (the "Order") (ECF 30). As set forth below, the Declaration fails to fully comply with the Order, and raises questions as to whether Mr. Shkreli's purported compliance with the Order was made in good faith. Pursuant to the Court's inherent contempt powers, we respectfully request that Mr. Shkreli be ordered to undertake a complete search, and supplement his declaration to assure complete compliance with the Order.

      The Order, *inter alia,* required that Mr. Shkreli, by August 30, 2024, "sequester and turn over all his copies, in any form, of the Album or its contents to defense counsel," and file an affidavit attesting that he has done so and "that he no longer possesses any copies, in any form, of the Album or its contents[.]" Order at 2. The Order also required defense counsel to file a letter "certifying that they had taken possession of said Album copies and contents." *Id.* During the August 23, 2024 preliminary injunction hearing, the Court stated that the sworn statement from Mr. Shkreli was necessary so that he would "understand that he cannot manipulate [defense counsel] or in some way use [defense counsel] to put forth inaccurate information." The Court also stressed the importance of Mr. Shkreli's truthfulness in making this attestation, admonishing that there would be "some consequences if he lied" in a statement signed under penalty of perjury.

      On August 30, 2024, Mr. Shkreli submitted a sworn declaration stating that he "searched" his "devices, electronic accounts, and other personal effects" and "identified" "FLAC audio" copies of fifteen tracks, all saved on "Microsoft OneDrive." Declaration at 1-2. Defense counsel filed a letter stating that Mr. Shkreli had certified that he had "identified and transferred all copies of the Musical Work to a USB drive," which Mr. Shkreli delivered to defense counsel's office. ECF 31 at 1. Yet, there is uncertainty as to whether Mr. Shkreli "identified and transferred all copies." Mr. Shkreli did not declare that he searched all locations where such copies could exist. He claimed that, because of his "recent time spent serving a criminal sentence," many of his personal effects "were moved into storage" and "[a]s a result, it is possible" that he has "been unable to exhaustively locate each and every copy of

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-181783699.7-RDCARNES

Hon. Pamela K. Chen

Page 2

ReedSmith

the Musical Work." Declaration at 2. He states that: "To the best of [his] knowledge," he does "not have possession of any other copies of the Musical Work, in any form." *Id.* at 3.

  Mr. Shkreli's attestations fall short of the Order's requirements, and raise doubts as to whether Mr. Shkreli has, in fact, sequestered and turned over "all his copies, in any form, of the Album or its contents to defense counsel." The Declaration only attests to searching for, identifying, turning over, and deleting *certain* copies of the Album's contents, and concedes that "it is possible" that he did not "exhaustively locate" all such copies. Mr. Shkreli indicates that there may be additional copies in "storage" facilities that held his personal effects while he served time in prison, but offers no specificity around what prevented him from searching all facilities. In particular, he does not indicate (i) how many such storage facilities exist, (ii) where these facilities are, or (iii) why they were not searched.

  Mr. Shkreli's claims are also dubious. Although Mr. Shkreli relies on his "recent time spent serving a criminal sentence," he was released from prison in May 2022. Decl. of Matthew Matkov, dated June 10, 2024 [ECF No. 4] ("Matkov Decl.") at 3. Mr. Shkreli's past statements about storage facilities also raise concerns as he has stated publicly that he hid MP3 copies of the Album "in safes all around the world." *Id.* at 7. Moreover, the Declaration only attests to sequestering and turning over "FLAC audio" files located on his Microsoft OneDrive account. Mr. Shkreli has previously offered to email MP3 copies of the Album to social media users and claims that he did, in fact, send MP3 copies to others. *See id.* at 8-9. His Declaration does not indicate, however, that he sequestered or turned over any MP3 files, or that he otherwise sequestered and turned over copies accessible to him through his email archives. The Album has 31 tracks, yet Mr. Shkreli only attested to sequestering and turning over the audio files to 15 tracks. *See id.*, Exhibit A [ECF 4-2] at 3. Finally, Mr. Shkreli has stated publicly that he has given out copies of the whole Album. *See, e.g.*, Matkov Decl. at 9 ("Dude, you know I burned the album and sent it to like, 50 different chicks, right?").

  For the foregoing reasons, PleasrDAO respectfully requests that Mr. Shkreli be ordered to undertake a complete search and promptly amend the Declaration to fully comply with the Order.

Respectfully submitted,

*/s/ Steven Cooper*
Steven Cooper

SC:rc