

**Erik Dykema, Esq.**
BOCHNER PLLC

1040 Avenue of the Americas, 15TH Floor, New York, NY 10018

o 646.971.0685 e erik@bochner.law w bochner.law

September 13, 2024

**Via CM/ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

      **Re:**    *PleasrDAO v. Shkreli*, **Case No. 1:24-cv-04126**

Dear Judge Chen;

      This firm represents Defendant Martin Shkreli in the above-referenced action. We write pursuant to this Court's September 6, 2024 Text Order directing Defendant to file a letter response to Plaintiff's Letter Motion for Contempt. [ECF 33].

      Defendant maintains the position that his declaration filed on August 30, 2024 [ECF 31-1] complied with the Court's Order, which required in pertinent part that he file a certification that he sequestered and turned over all copies of the Musical Work to defense counsel, and further certify that he has no copies of the Musical Work in his possession.

      I.      **Defendant's Compliance Thus Far**

      Contrary to Plaintiffs' assertion that there is "uncertainty" as to Defendant's possession of any copies of the Musical Work, [ECF 33], Defendant has certified under penalty of perjury that "To the best of [his] knowledge, [Defendant] do[es] not have possession of any other copies of the Musical Work, in any form." [ECF 31-1].

      Plaintiff respectfully submits that especially in circumstances where time and resources are limited, courts in the Second Circuit have denied motions for contempt on the basis that the allegedly violating party used "reasonably diligent" efforts to comply with the Court's order. "Although the Second Circuit has not been squarely confronted with the question of what constitutes 'reasonable diligence,' it has noted that 'substantial compliance' is the appropriate standard in evaluating noncompliance in a contempt case." *Yurman Studio*, 2009 U.S. Dist. LEXIS 13870, 2009 WL 454275, at *2 (internal citations omitted). *King v. Allied Vision* specifically addressed circumstances in which a party was ordered to provide an inventory of each and every copy of a piece of media. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). In *King,* the Second Circuit denied a motion for contempt upon testimony from an accused contemnor that "given the time constraints I had, the instructions I got to get it out as soon as possible and based



on the resources available to me readily, this was the best that I could do." *Id.* at 1060 (cleaned up)[1].

Since "[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt," *Dunn v. New York State Dep't of Labor*, 47 F.3d 485, 490 (2d Cir. 1995), and, "[t]he court is not empowered to command, any more than it can pretend for itself to achieve, performance approximating perfection." *Yurman Studio, Inc. v. Castaneda*, 2009 U.S. Dist. LEXIS 13870, at *7 (S.D.N.Y. Feb. 23, 2009), Shkreli's originally filed declaration is sufficient because it confirms that, to the best of his knowledge, he is not in possession of any copies of the Musical Work.

II. Plaintiff's Failure to Adequately Support its Motion For Contempt

To justify a civil contempt order, a movant must establish that (1) the order is clear and unambiguous, (2) the proof of noncompliance with the order is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *see also New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989), *cert. denied*, 495 U.S. 947, 109 L. Ed. 2d 532, 110 S. Ct. 2206 (1990); *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).

In any event, it is well-settled that "[t]he Court's power to hold a defendant in contempt is a 'potent weapon' that should not be exercised where there is fair ground of doubt as to the wrongfulness of the defendant's conduct." *Latino Officers Ass'n of the City of New York v. City of New York,* 519 F. Supp. 2d 438, 443 (S.D.N.Y. 2007) (quoting *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 76 (1967) and *California Artificial Stone Paving Co. v. Molitor,* 113 U.S. 609, 618 Dec. Comm'r Pat. 295 (1885)).

Because Plaintiff has failed to demonstrate that Shkreli's previously filed declaration was "clear and convincing" evidence of noncompliance with this Court's Order, its motion for contempt is without the requisite support. As noted herein, Shkreli's previously submitted declaration states that as of August 30, 2024, he did "not have any copies of the Musical Work in his possession." [ECF 31-1]. Accordingly, Plaintiff's argument that Shkreli's declaration is in some way deficient is unsupported.

Out of an abundance of caution and for the purpose of avoiding the possibility of perjury before this Court, Defendant stated that to the best of his knowledge, he is not in possession of any copies of the Musical Work. *Id.* To the extent this Court finds Shkreli's former declaration insufficient, and merely as a showing of good faith, Defendant has included with this letter a supplemental declaration that further confirms that he has conducted a reasonable search and *still* is not in possession of any copies of the Musical Work. **Exhibit A.**

---

[1] Also noteworthy is that in *King* the Second Circuit overturned the requirement in a preliminary injunction that a party contact each and every purchaser of a copy of a movie and procure from those entities an accounting of the number of copies in its possession. *Id.*



**Erik Dykema, Esq.**
**BOCHNER PLLC**

1040 Avenue of the Americas, 15TH Floor, New York, NY 10018

o 646.971.0685  e erik@bochner.law  w bochner.law

For these reasons, this Court should deny Plaintiff's letter motion for contempt. We thank the Court for its time and attention to this matter.

Respectfully Submitted,

*/s/ Erik Dykema*
Erik Dykema, Esq.
Edward Paltzik, Esq.
Serge Krimnus, Esq.
Meredith Lloyd, Esq. (*pro hac vice*)

*Attorneys for Defendant*