

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 9, 2024

**By CM/ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

   Re: *PleasrDAO v. Shkreli*, Case No. 1:24-cv-04126

Dear Judge Chen:

  We represent Plaintiff PleasrDAO in the above-referenced action and write in response to the Court's October 2, 2024 Order, which directed Plaintiff to file a response to Defendant Martin Shkreli's September 30, 2024 Declaration (the "Supplemental Declaration") (ECF 38) in light of Plaintiff's September 6, 2024 motion for contempt (the "Contempt Motion") (ECF 33). The Contempt Motion concerned Defendant's compliance with the requirements of the Court's August 26, 2024 Preliminary Injunction Order (the "PI Order") (ECF 30). We also address additional deficiencies in Defendant's compliance with the PI Order's accounting and inventory requirements.

  The PI Order, *inter alia*, required that Defendant "sequester and turn over all his copies, in any form, of the Album or its contents to defense counsel," and file an affidavit attesting that he has done so and "that he no longer possesses any copies, in any form, of the Album or its contents[.]" On August 30, 2024, Mr. Shkreli submitted a declaration (the "Original Declaration") (ECF 31-1) purporting to comply with this mandate. On September 6, 2024, Plaintiff moved for a more complete declaration, noting, *inter alia*, that although the Album has 31 tracks, Defendant had only attested to turning over copies for 15 tracks. On September 23, 2024, the Court issued an order ("September 23 Order") requiring Defendant to file a supplemental affidavit, by September 30, 2024:

> ***specifying the maximum number of tracks from the Album that he, at any point in time, retained copies of.*** If that number exceeds the number of unique tracks transferred to defense counsel (i.e., if Defendant at any point retained copies of more than 15 of the Album's tracks), Defendant's supplemental affidavit shall verify whether at the time he transferred his copies of the Album (i.e., the 15 tracks) to defense counsel, he no longer possessed any additional tracks, to his knowledge, ***and explain why any additional tracks were not transferred to defense counsel***.

September 23 Order (emphasis added).

  The Supplemental Declaration does not comply. It does not "specify[] the maximum number of tracks from the Album that [Defendant], at any point in time, retained copies of." Rather, it simply

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

reiterates the Original Declaration's vague claim that Defendant "retained a copy of fifteen (15) tracks" "[b]efore transferring all copies . . . [in his] possession to defense counsel." ECF 38 at 3. It also fails to indicate whether Defendant only copied and retained fifteen tracks, and that Defendant otherwise did not make copies of the Album's other sixteen tracks. And, if Defendant had ever made copies of any of the Album's other tracks, the Supplemental Declaration fails to explain why Defendant did not cause those other tracks to be transferred to defense counsel.

The PI Order also required that, by September 30, 2024, Defendant:

> file an inventory and account in the form of an affidavit signed by Defendant under penalty of perjury, that includes (a) the nature and volume of the copies of the Album's data and files that Defendant retained; (b) the names and contact information of the individuals to whom he distributed the data and files; (c) the date and method of such distribution; and (d) the amounts, source, date, and nature of any proceeds, revenues, profits, or other financial benefits made by Defendant from his distribution or playing of the Album or its contents.

ECF 30 at 3. The Supplemental Declaration falls short of these requirements and again raises doubts as to whether Defendant has, in fact, made a good faith effort to comply with the PI Order.

*First*, Defendant did not state: "(a) the nature and volume of the copies of the Album's data and files that Defendant retained." Defendant only attested to the nature and volume of the copies of the Album's data and files that he turned over to his counsel. He has not attested to the nature and volume of copies that he ever owned and may have distributed to others.

*Second*, Defendant did not state: "(b) the names and contact information of the individuals to whom he distributed [the Album's] data and files; and (c) the date and method of such distribution." While Defendant acknowledges "occasionally sharing" the Album "to *others*" via email and "USB or other drives," the Supplemental Declaration only discloses the email address for a single recipient (ajb425@cornell.edu) without disclosing the recipient's name. ECF 38 at 2 (emphasis added).

Defendant's purported reason for failing to disclose the identity of other recipients is that he "cannot recall each and every time," and with whom, he shared copies of the Album. The Supplemental Declaration provides minimal information regarding the steps Defendant took to refresh his memory, as he only states that he searched his "devices, electronic accounts, and other personal effects" without specifying which devices, electronic accounts or personal effects he searched or how he searched them. He does not say that he diligently reviewed his social media accounts or other personal correspondence to retrieve that information. That Defendant occasionally emailed the Album's data and files to others but apparently could only locate one recipient is dubious, and suggests that he did not conduct a thorough search of his email accounts, including any deleted emails. Indeed, Defendant's public statements, and statements by his counsel at the August 23, 2024 Preliminary Injunction hearing, suggest that he gave the Album to at least fifty different people. *See, e.g.*, Matkov Decl. at 9. At bottom, Defendant never attested that the individual associated with the Cornell email address is the *only* individual to whom Defendant remembers having distributed the Album's data and files, and feigns the inability to provide anything more.


Hon. Pamela K. Chen
October 9, 2024
Page 3

      *Third*, Defendant did not state: "(d) the amounts, source, date, and nature of any proceeds, revenues, profits, or other financial benefits made by Defendant from his distribution or playing of the Album or its contents." The Supplemental Declaration merely claims that Defendant made less than $100 between 2023 and 2024 from "X Revenue Share;" it does not state any other required information.

*     *     *

      The Supplemental Declaration fails to fully comply with the Contempt Order, and like the Original Declaration, it fails to fully comply with the PI Order in good faith. Defendant's repeated evasiveness is made more concerning by the fact that the Supplemental Declaration does not address any of the deficiencies that Plaintiff's Contempt Motion identified with the Original Declaration. For instance, Defendant claimed that many of his "personal effects were moved into storage" and that "[a]s a result, it is possible that [he] has been unable to exhaustively locate each and every copy" of the Album. ECF 31-1 at 2. Defendant has yet to attest to the location of those storage facilities, his efforts to search them, and, if he has not searched them, his reasons why.

      For the foregoing reasons and pursuant to the Court's inherent contempt powers, we respectfully request that Defendant be ordered to file a second supplemental affidavit providing the specific information that the Court ordered, and that Defendant has omitted, to date.

Respectfully submitted,

*/s/ Steven Cooper*
Steven Cooper

SC:rc