IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PleasrDAO,　　　　　　　　　　　　　　　　　　　　　Plaintiff,　　　　v.　　Martin Shkreli,　　　　　　　　　　　　　　　　　　　　Defendant. | Civ. No.: 1:24-cv-04126-PKC　　　　　　ORAL ARGUMENT REQUESTED |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 1

    A. The Forfeiture Order's Intentional Exclusion of Third-Party Beneficiaries ....................... 1

    B. Plaintiff Does Not Plausibly Plead Trade-Secret Misappropriation Since Unprotected Disclosure Terminates a Trade Secret ................................................................................. 3

    C. Plaintiff's Claims are Preempted by the Copyright Act ....................................................... 5

III. CONCLUSION .................................................................................................................. 6

## Table Of Authorities

Page(s)

Cases

*Bendix Corp. v. Balax, Inc.*,
  421 F.2d 809 (7th Cir. 1970) ................................................................................................ 4

*Better Holdco, Inc. v. Beeline Loans, Inc.*,
  666 F. Supp. 3d 328 (S.D.N.Y. Mar. 30, 2023) .................................................................. 3, 4

*Catalyst Advisors, Lp v. Catalyst Advisors Invs. Glob. Inc.*,
  2024 WL 522751 (S.D.N.Y. Feb. 9, 2024) ........................................................................... 4

*Charles Ramsey Co., Inc. v. Fabtech-Ny LLC*,
  2020 WL 352614 (N.D.N.Y. Jan. 21, 2020) ......................................................................... 4

*Commodity Futures Trading Comm'n. v. Euro Bancorp.*,
  2004 WL 1380817 (C.D. Cal. May 20, 2004) ...................................................................... 2

*Commodity Futures Trading Comm'n v. Altamont Glob. Partners, LLC*,
  2014 WL 644693 (M.D. Fla. Feb. 19, 2014) ........................................................................ 2

*Commodity Futures Trading Comm'n v. Carmona*,
  2024 WL 4744021 (C.D. Cal. Oct. 21, 2024) ....................................................................... 2

*Commodity Futures Trading Comm'n v. Garcia*,
  2016 WL 7666123 (M.D. Fla. June 17, 2016) ..................................................................... 2

*Commodity Futures Trading Comm'n v. Gelfman Blueprint, Inc.*,
  2018 WL 6320653 (S.D.N.Y. Oct. 2, 2018) ......................................................................... 2

*Commodity Futures Trading Comm'n v. Renaissance Asset Mgmt., LLC*,
  2008 WL 6071642 (N.D. Ga. Feb. 12, 2008) ....................................................................... 2

*Garvey v. Face Of Beauty LLC*,
  634 F. Supp. 3d 84 (S.D.N.Y. Oct. 6, 2022) ......................................................................... 3

*In re Jackson*
  972 F.3d 25 (2d Cir. 2020) .................................................................................................... 6

*Kraus Usa v. Magarik*,
  2020 WL 2415670 (S.D.N.Y. May 12, 2020) ...................................................................... 3

*Mason v. Amtrust Fin. Servs., Inc.*,
  2020 WL 1330688 (S.D.N.Y. Mar. 23, 2020) ...................................................................... 4

*Mintz v. Mktg. Cohorts, LLC,*
  2019 WL3337896 (E.D.N.Y. July 25, 2019) ................................................................... 4

*Pauwels v. Deloitte LLP,*
  83 F.4th 171 (2d Cir. 2023) ............................................................................................ 4

*Ruckelshaus v. Monsanto Co.,*
  467 U.S. 986 (1984) ....................................................................................................... 3

*Structured Capital Solutions, LLC v. Commerzbank AG,*
  177 F. Supp. 3d 816 (S.D.N.Y. 2016) ............................................................................ 5

*Town & Country Linen Corp. v. Ingenious Designs LLC,*
  556 F. Supp. 3d 222 (S.D.N.Y. Aug. 23, 2021) ............................................................. 3

*Turret Labs USA, Inc. v. Cargosprint, LLC,*
  2021 WL 535217 (E.D.N.Y. Feb. 12, 2021) .................................................................. 4

*Xavian Ins. Co. v. Marsh & Mclennan Companies, Inc.,*
  2019 WL 1620754 (S.D.N.Y. Apr. 16, 2019) ................................................................ 4

Statutes

17 U.S.C. §§ 101 *et seq.* ..................................................................................................... 1, 5, 6

17 U.S.C. §§ 106 ....................................................................................................................... 6

Rules

Rule 71 Of The Federal Rules Of Civil Procedure .................................................................. 1, 2

I.    **Introduction**

Plaintiff's Complaint [ECF 1] ("Complaint" or "Compl.") must be dismissed because Plaintiff lacks standing to enforce the terms of the Forfeiture Order (Plaintiff's Memorandum in Support of Order to Show Cause, Ex. D [ECF No. 4-5] (the "Forfeiture Order")), Plaintiff's Complaint fails to identify any protectable trade secret, because Plaintiff's claims are each preempted by the Copyright Act (17 U.S.C. §§ 101 *et seq.*), and because its state law claims have not been pled with sufficient factual support.

For at least these reasons and the reasons set forth in Defendant's Memorandum of Law in Support of its Motion to Dismiss, Plaintiff's Complaint should be dismissed in its entirety.

II.    **Argument**

As previously stated, Plaintiff's claims must be dismissed because Plaintiff lacks standing to enforce the Forfeiture Order, it has not pled that it is in possession of a protectable "secret" sufficient to support its trade secret claims, its claims are preempted by the Copyright Act, and its state law claims have not been plausibly pled.

    A.    **The Forfeiture Order's Intentional Exclusion of Third-Party Beneficiaries**

Federal courts routinely include explicit definitions of third-party beneficiaries in Remedial Orders. The fact that the court that issued the Forfeiture Order at issue in this case declined to define *any* third-party beneficiaries indicates its intent for the Forfeiture Order's benefit to be limited to the federal government and to Defendant. In comparison, the Honorable P. Kevin Castel of the Southern District of New York recently issued a consent order that unequivocally defined its intended third-party beneficiaries with the following language:

> **Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss (excluding [certain] principals and officers) is explicitly made an intended third-party beneficiary** of this Consent Order and may seek to enforce obedience of this Consent Order to obtain satisfaction of any

1

portion of the restitution that has not been paid by [Defendant] to ensure continued compliance with any provision of this Consent Order and to hold [Defendant] in contempt for any violations of any provision of this Consent Order.

*Commodity Futures Trading Comm'n v. Gelfman Blueprint, Inc.,* No. 17-CV-07181 (PKC), 2018 WL 6320653, at *7 (S.D.N.Y. Oct. 2, 2018) (cleaned up)(emphasis added). Federal courts across the nation frequently rely on similar language to extend the scope of beneficiaries beyond the appearing or otherwise named parties. *See, e.g., Commodity Futures Trading Comm'n v. Carmona*, 2024 WL 4744021 (C.D. Cal. Oct. 21, 2024) (similar language); *Commodity Futures Trading Comm'n. v. Euro Bancorp. et al.*, No. 03-767, 2004 WL 1380817, at *12 (C.D. Cal. May 20, 2004) (similar language); *Commodity Futures Trading Comm'n v. Renaissance Asset Mgmt., LLC*, No. CIVA 107CV-0200, 2008 WL 6071642, at *4 (N.D. Ga. Feb. 12, 2008) (similar language); *Commodity Futures Trading Comm'n v. Altamont Glob. Partners, LLC*, No. 6:12-CV-1095-ORL-31, 2014 WL 644693, at *15 (M.D. Fla. Feb. 19, 2014) (similar language); *Commodity Futures Trading Comm'n v. Garcia*, No. 2:15-CV-237-FTM-38CM, 2016 WL 7666123, at *3 (M.D. Fla. June 17, 2016) (similar language).

In contrast, the Forfeiture Order at issue in this matter does not make reference to *any* third-party beneficiaries, noting only that the Substitute Assets may be sold and directing the procedure for using the proceeds from any "arms-length" sale to benefit Defendant. *See generally*, Forfeiture Order. Plaintiff argues that court orders cannot name all past, present, and future beneficiaries (*Opp'n* at 7), however as shown here, Courts routinely list the entities that are properly considered third-party beneficiaries under Fed. R. Civ. P. 71. Since Plaintiff was omitted from a carefully crafted Forfeiture Order which was the subject of extensive briefing and amendment in a prior proceeding, Plaintiff is not a third-party beneficiary of the Forfeiture Order, and so Count I should be dismissed.

### B. Plaintiff Does Not Plausibly Plead Trade-Secret Misappropriation Since Unprotected Disclosure Terminates a Trade Secret

As previously set forth in Defendant's Memorandum of Law served with its Motion to Dismiss, Plaintiff's trade secret claims under the DTSA and under New York law fail because (1) Plaintiff has failed to plead the existence of a "secret" and (2) Plaintiff has failed to plead that Defendant misappropriated any "secret" because Defendant does not owe Plaintiff a duty not to disclose the Musical Work.

Plaintiff has argued that "secrecy" of the Musical Work is a factual inquiry not properly considered at the motion to dismiss stage. However, "courts dismiss claims involving trade secrets where they are not actually secret." *Garvey v. Face of Beauty LLC*, 634 F. Supp. 3d 84, 96 (S.D.N.Y. Oct. 6, 2022) (citing *Kraus USA v. Magarik*, No. 17-CV-6541, 2020 WL 2415670, at *4 (S.D.N.Y. May 12, 2020) (collecting cases).

Since secrecy is the most important element of trade secret analysis, unprotected disclosure of the information alleged to be a secret will terminate that element and forfeit its trade secret status. If a "party was at liberty to publish the trade secret to the world, including to the defendant, the law will not prevent that defendant alone from exploiting the trade secret." *Better Holdco, Inc. v. Beeline Loans, Inc.*, 666 F. Supp. 3d 328, 385 (S.D.N.Y. Mar. 30, 2023) (citing *Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 274 (S.D.N.Y. Aug. 23, 2021))*; see also Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished.") (internal citations omitted).

The DTSA does not provide specific guidance on what constitutes "reasonable measures" to protect a trade secret, and the Second Circuit has not yet construed this statutory term. *Turret*

3

*Labs USA, Inc. v. CargoSprint, LLC*, No. 19CV6793, 2021 WL 535217, at *4 (E.D.N.Y. Feb. 12, 2021), *aff'd,* No. 21-952, 2022 WL 701161 (2d Cir. Mar. 9, 2022) (citing *Xavian Ins. Co. v. Marsh & McLennan Companies,* Inc., No. 18-CV-8273, 2019 WL 1620754, at *4 (S.D.N.Y. Apr. 16, 2019); *Mintz v. Mktg. Cohorts, LLC*, No. 18-CV-4159, 2019 WL 3337896, at *6 (E.D.N.Y. July 25, 2019) (DTSA claim failed because plaintiff "did not require defendants to sign a non-disclosure agreement [or] any sort of covenant to protect" the alleged secrets); *Mason v. AmTrust Fin. Servs., Inc.*, No. 19-CV-8364, 2020 WL 1330688, at *3 (S.D.N.Y. Mar. 23, 2020) (granting 12(b)(6) motion on trade secrets claims where plaintiff did not require any written contract before handing the product in question over to the defendant for its use); *Charles Ramsey Co., Inc. v. Fabtech-NY LLC,* No. 118-CV-0546, 2020 WL 352614, at *16 (N.D.N.Y. Jan. 21, 2020) (same, where complaint contained no allegations of contractual confidentiality agreements)).

However, courts uniformly look to confidentiality obligations at the motion to dismiss stage as dispositive indicators of whether protectable "secrets" are at issue. *See, e.g. Catalyst Advisors, LP v. Catalyst Advisors Invs. Glob. Inc.*, No. 21 CIV. 4855, 2024 WL 522751, at *21 (S.D.N.Y. Feb. 9, 2024) (citing *Better Holdco*, 666 F. Supp. 3d at 385-86 (Dismissing trade secret claims and commenting that confidentiality obligations to safeguard the secret are "precisely the types of measures which courts have held are sufficiently reasonable to withstand a motion to dismiss.") (cleaned up) (collecting cases); *Charles Ramsey Co., Inc. v. Fabtech-NY LLC,* 2020 WL 352614, at *16; *Bendix Corp. v. Balax, Inc.*, 421 F.2d 809 (7th Cir. 1970), *cert. denied*, 399 U.S. 911 (1970) (Affirming dismissal of trade secret claims on the basis that trade secret protection was terminated by the lack of confidential relationship between the parties.); *Pauwels v. Deloitte LLP*, 83 F.4th 171, 183 (2d Cir. 2023) (Affirming dismissal of trade secret claim where plaintiff, an independent contractor hired by defendant, alleged that it disclosed its purportedly trade secret

4

information to defendant, but failed to plausibly allege that it marked the information confidential or *had any agreement with that defendant to keep it confidential*.).

Plaintiff's Opposition (*Opp'n.*) attempts to distinguish the Southern District of New York's analysis in *Structured Capital Solutions, LLC v. Commerzbank AG,* arguing that since Defendant was the first possessor of the purported trade secret, the proposition that "[i]f an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished" no longer applies. 177 F. Supp. 3d 816, 832 (S.D.N.Y. 2016); *Opp'n.* at 14. However, the order in which secrecy protections were extinguished does not change the fact that after Defendant purchase the Album and the Musical Work, Defendant was at liberty to disclose the Musical Work to the world. The language of the OPA demonstrates that the Musical Work was not intended to be maintained in secrecy. The provisions of the OPA applicable to Sellers (as defined therein) prohibit any artist appearing on the Musical Work from releasing, re-recording, or performing any part of the Musical Work and further guarantee that there will be no leaks of the Musical Work. OPA at 8. The OPA clearly contemplated that the purchaser would make use of the Musical Work, including by its copying and public distribution.

Accordingly, any trade secret protection that may have existed was extinguished by the OPA, and cannot be restored. This Court should dismiss Plaintiff's trade secret claims on the basis that the Musical Work is not a protectable secret.

### C.  Plaintiff's Claims are Preempted by the Copyright Act

Plaintiff's contention that its right to prevent publication of the Musical Work "is qualitatively and fundamentally different than the basic rights commonly protected through the Copyright Act" fails. *Opp'n* at 23. Plaintiff's Complaint alleges that Defendant retained copies of

5

the Musical Work, played the Musical Work publicly, and engaged in conduct it describes with a collection of synonyms for the exclusive rights enumerated by the Copyright Act, including "unauthorized and impermissible reproduction and/or acquisition of copies," [Count II], "ma[king] unauthorized copies" [Count III], "propagation or dissemination" [Count IV] "retention and distribution" [Count V], and "holding copies" [Count VI], of the Musical Work. *See generally*, Complaint. In other words, Plaintiff is bringing its claims on allegations that Defendant reproduced the Musical Work, performed the Musical Work by means of a digital audio transmission, and distributed copies of the Musical Work, each of which is explicitly listed as an exclusive right under the Copyright Act. 17 U.S.C. §§ 106 (1, 3, 6).

The Second Circuit reached a nearly identical when it upheld dismissal of state law claims as preempted by the Copyright Act in *In re Jackson*, since the claims were primarily based on the allegedly unauthorized use of certain hip-hop recordings and therefore came within the "subject matter of copyright" and "asserts rights that are sufficiently equivalent to the rights protected by federal copyright law." 972 F.3d 25, 52 (2d Cir. 2020). So too, this Court should find that Plaintiff's allegations are centered around unauthorized copying of the Musical Work, and are preempted by the Copyright Act.

### III. Conclusion

For the foregoing reasons, Plaintiff's claims should be dismissed.

Date: January 6, 2025								Respectfully Submitted,

/s/ Edward Andrew Paltzik
Edward A. Paltzik, Esq.
Erik Dykema, Esq.
Serge Krimnus, Esq.
Meredith Lloyd, Esq. (*pro hac vice*)
Bochner PLLC
1040 Avenue of the Americas, 15th Fl.
New York, New York 10018
(516) 526-0341
edward@bochner.law
erik@bochner.law
serge@bochner.law
meredith@bochner.law

*Attorneys for Martin Shkreli*