IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
PLEASRDAO, an exempted foundation
company,

                 Plaintiff,

                                              Case No.: 1:24-cv-4126-PKC-MMH

    -against-

MARTIN SHKRELI,

                 Defendant.
-------------------------------------------------------------X

## AFFIRMATION OF SERGE KRIMNUS
## IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

I, Serge Krimnus, Esq., an attorney authorized to practice in the United States District Court for the Eastern District of New York, affirm under penalty of perjury under the laws of the United States as follows:

1. I am a partner of the law firm Bochner PLLC (the "Firm"), co-counsel for Defendant Martin Shkreli ("Defendant"), in the above-captioned action.

2. I respectfully submit this affirmation in support of the instant motion for an order, pursuant to Local Civil Rule 1.4, relieving me and the Firm as counsel of record for Defendant.

3. Local Civil Rule 1.4 provides for the withdrawal of counsel of record as follows:

> An attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

1

4. Here, the instant Motion to Withdraw as Defendant's counsel has become necessary because lead counsel for Defendant, Edward Paltzik, Esq., has recently joined a different firm, and will continue representing Defendant through Taylor Dykema PLLC.

5. Consistent with Rule 1.4, courts in this circuit—including this Court—have found "satisfactory reasons to include . . . the existence of an irreconcilable conflict between attorney and client." *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216 (VEC), 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020) (quotations omitted); *see also Naguib v. Pub. Health Sols.*, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (same); *Diarama Trading Co. v. J. Walter Thompson U.S.A.*, No. 01-CIV-2950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (same).

6. Pursuant to Local Civil Rule 1.4 and New York Rule of Professional Conduct 1.16(e), Defendant has been informed of the Firm's intent to file the instant Motion to Withdraw as Counsel, and Defendant does not oppose.

7. It is well-settled that "when considering these reasons coupled with no opposition from the client . . . there are sufficient grounds for withdrawal." *Papadatos v. Home Depot U.S.A, Inc.*, No. 21CV3208WFKJMW, 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022).

8. Additionally, withdrawal can be accomplished without material adverse effect on the interests of the clients under New York Rule of Professional Conduct 1.16(c)(1). Defendant will remain represented by Mr. Paltzik and Mr. Dykema through Taylor Dykema PLLC.

9. The Firm is not asserting a charging lien.

10. The instant Motion to Withdraw as Counsel will be served on all parties to the instant action in accordance with Local Civil Rule 1.4.

11. For the foregoing reasons, I respectfully request that this Court grant the instant Motion for Serge Krimnus, Esq. and Bochner PLLC to Withdraw as Counsel to Defendant in this action, together with such other and further relief as this Court deems just and proper.

Dated: September 30, 2025
     New York, New York

Respectfully Submitted,

*/s/ Serge Krimnus*
Serge Krimnus, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(646) 971-0685
serge@bochner.law

*Attorneys for Defendant*