

Erik Dykema
erik@taylordykema.com

Oct. 20, 2025
**VIA ECF**

Hon. Judge Pamela K. Chen
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***PleasrDao v. Shkreli*, 24-cv-4126-PKC-MMH**
Letter Motion for Joinder of Robert "RZA" Diggs and Tarik "Cilvaringz" Azzougarh

To this Honorable Court, and Counsel-

This firm represents Defendant Martin Shkreli in the above captioned matter. Pursuant Fed. R. Civ. P. 19(a)(2), the undersigned counsel respectfully move this court to issue an order directing Plaintiff to join two individuals to this matter – Robert "RZA" Diggs and Tarik "Cilvaringz" Azzougarh[1], Co-Owners of the copyrights to *Once Upon a Time in Shaolin.* For the reasons set forth below, in the absence of the Co-Owners, the Court cannot accord complete relief among the existing parties, those individuals' ability to protect their interests will be impaired, and existing parties may be subject to multiple and inconsistent obligations.

## BACKGROUND

The subject of this action is the musical work *Once Upon a Time in Shaolin,* and the central issues in the case concern competing claims of (1) ownership between PleasrDAO, Shkreli, and the Co-Owners; (2) known contractual obligations betwixt Shkreli and the Co-Owners, and (3) unknown but likely contractual obligations between Plaintiff and the Co-Owners. According to the only document of record in this matter – the Purchase Agremenet between Shkreli and the Co-Owners - Mr. Diggs and Mr. Azzougarh are the co-owners of the

---

[1] Mr. Diggs and Mr. Azzougarh will be referred to throughout as the "Co-Owners."

copyrights to that musical work *and* the counterparties to the contract which memorialized Mr. Shkreli's ownership and contractual rights[2] with respect to that Work.

*Once Upon a Time in Shaolin* is "an authentic, original work created by the Wu-Tang Clan,"[3] of whom Mr. Diggs (a/k/a RZA) is the founding member and executive producer, and Mr. Azzougarh (a/k/a Cilvaringz) is a notorious long-time associate. On or about Sept. 3, 2015, Defendant Shkreli ("Shkreli") entered into a purchase agreement with the Co-Owners (the "Purchase Agreement") wherein the Co-Owners sold to Defendant Shkreli, *inter alia*:

1. "Two (2) compact discs" comprising a copy of a recording of the Musical Work encased in "[o]ne (2) hand carved nickel-silver cased box" (collectively, the "Physical Copy") (Dkt. 4-3 p. 5);

2. Present transfer of "fifty percent (50%) of the copyrights in and to the recordings and musical compositions … and certain other related materials and rights as described in this Agreement." Dkt. 4-3 pp. 1, 5-6;

3. A license to engage in, *inter alia,* certain "Permitted Uses" of the work. *Id;*

4. A transfer of the "full copyright ownership" after a period of eighty-eight years "without further obligation or payment to anyone." *Id.* at 6;

5. Indemnification against "third party copyright claims related to" *Once Upon a Time in Shaolin. Id.* at 7; and

6. Broad indemnification against "all demands, actions, proceedings, suits, claims … in any way related to the Work, the Buyer's Permitted Uses of the Work, and/or any Seller's breach of any of its obligations, representations, warranties, or covenants in this Agreement." *Id.* at 10.

Subsequent to the Purchase Agreement, a forfeiture order was entered against Mr. Shkreli in an unrelated case, forfeiting certain assets including "a Picasso painting," "the album 'Tha Carter V' by Lil Wayne," and 'the album Once Upon A Time in Shaolin' by the Wu Tang Clan."

---

[2] *See* 2015 Purchase Agreement ("Purchase Agreement"), Dkt. 4-3, pp. 20.
[3] Purchase Agreement, p. 7

Dkt. 4-5 pp. 10-11. The Forfeiture Order does not mention ownership of the copyrights to the Musical Work, or Shkreli's contractual rights or licenses granted by the Purchase Agreement.

On June 20, 2024, Plaintiff filed this action against Defendant on 6 claims: (1) enforcement of a criminal forfeiture order, (2) violations of the Defend Trade Secrets Act, (3) misappropriation of confidential information/trade secrets, (4) tortious interference, (5) unjust enrichment, and (6) recovery of chattel/replevin. In its Complaint, Plaintiff alleges that "it bought the copyrights in and exclusive right to exploit the recordings…" Complaint (Dkt. 1) ¶29. Defendant moved to dismiss (Dkt. 47), and the Court issued an order dismissing counts 1 (enforcement of forfeiture order), 4 (tortious interference), 5 (unjust enrichment) (Dkt. 57).

In Defendant's *Motion to Dismiss*, Defendants requested that the Court order joinder of the Co-Owners pursuant to Fed. R. Civ. P. 19. *See Memorandum In Support of Motion to Dismiss,* Dkt. 47-1 at pp. 20-22. In the Court's ORDER dismissing counts 1, 4, and 5, the Court deferred ruling on this issue, and subsequently directed Defendant to file this letter motion.

## JOINDER OF THE CO-OWNERS IS REQUIRED

Joinder of the absent Co-Owners is required because: (1) Plaintiff, Defendant, and the Co-Owners each claim conflicting interests in the same property (i.e. copyrights, exclusive rights, and other contractual rights concerning *Once Upon a Time in Shaolin*), (2) resolving the competing claims of the parties requires the Court to interpret the Purchase Agreement between Defendant and the Co-Owners and the result of that interpretation will necessarily impair the interests of the Co-Owners, and (3) determining the facts likely to be disputed by the parties will necessarily impede the Co-Owners ability to protect their interests. Thus, the Co-Owners are indispensable parties to this litigation and Rule 19 requires that "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

### Copyright Ownership

First, Plaintiff claims that it "bought the copyrights in and exclusive rights to exploit the recordings…" Compl. ¶29. Defendant denies this allegation, and claims that he is the present owner of 50% of the copyrights in the album, and the present owner of a future interest in 100% of the copyrights in the album. Purchase Agreement (Dkt. 4-3) pp. 1, 5-6. *See also* Def. Opp. to Pltf. Motion for TRO (Dkt. 22) at 1-2, *et seq., see also* Motion to Dismiss (Dkt. 47-1) at 21.



3

Defendant further claims that the Co-Owners are the present owners of the *other* 50% of the copyrights to the album. *Id.* In an action concerning copyrights, "[t]he court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright." 17 U.S.C. §501(b).

Because Plaintiff and Defendant advance competing claims as to the ownership of the copyrights, the Court cannot afford complete relief amongst the parties without the absent Co-Owners. If the Court were to ultimately grant relief in favor of PleasrDAO finding that it presently owned 100% of the copyrights[4], then the absent Co-Owners property interest in the copyrights would be determined without their participation, contrary to the requirement of Rule 19(a)(1)(a).[5] Alternately, if the Court were to grant relief in favor of Shkreli that he continues to own a copyright interest in the Work, again the absent Co-Owner's property interest in the copyrights would be determined without their participation, likely subjecting them to liability to PleasrDao for purporting to "sell" PleasrDao copyrights which they did not own.

### Interpreting Shkreli's Rights Under the Purchase Agreement Makes the Co-Owners Necessary Parties

Second, resolving the claims at bar between the parties will require the Court to interpret the 2015 Purchase Agreement between Shkreli and the Co-Owners. For example, as argued at the hearing respecting Plaintiff's motion for a temporary restraining order, Defendant asserts that the Purchase Agreement's lack of a confidentiality provision and provision for "Permitted Uses" destroyed any potential trade secret protections for the Musical Work, which is relevant to Plaintiff's surviving trade secret claims. Additionally, Defendant has and will raise the defenses that the contractual provisions allowing Defendant to engage in "Permitted Uses" and his ability to exercise the powers of copyright ownership to make copies for personal use defeats Plaintiff's surviving trade secret and replevin claims. Regardless of whether the Court ultimately decides such issues in favor of PleasrDao or Shkreli, the Court will be interpreting the contract between Shkreli and Co-Owners to do so, which mandates their joinder. "If the resolution of a plaintiff's

---

[4] Defendant notes that Plaintiff has thus far failed to produce or file any documentary evidence that it indeed has purchased the copyrights from Plaintiff.

[5] Such a ruling would also subject the Co Owners to liability to Shkreli on the guarantees and indemnities of the Purchase Agreement.

claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)." *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002). "It is well established that a party to a contract which is the subject of the litigation is considered a necessary party." *Ryan v. Volpone Stamp Co.,* 107 F.Supp. 2d 369, 387 (SDNY 2000) (collecting cases). The Co-Owners are parties to the 2015 Purchase Agreement, which – as the source of several defenses for Shkreli - is the subject of this litigation. Thus, joinder of the Co-Owners is required.

### Relief Accorded to Either Party Will Impair The Co-Owners Ability To Protect Their Interests

Third, as a practical matter, resolving the disputes between the existing parties would impede the ability of the Co Owners to protect their interests. In the Purchase Agreement, Co-Owners granted to Shkreli various guarantees, including that "there will be no leaks or release of the Work, or portions of the Work, in any form" (Dkt. 4-3 p. 8, ¶f), and "Sellers shall jointly and severally indemnify, defend … from and against any and all demands, actions, proceedings, suits … in each and any case or proceeding of any type arising out of, in connection with, or in any way related to the Work…" (Dkt. 4-3, p. 10, ¶a). It is likely that, during the course of this litigation, the factual predicates of these guarantees and/or indemnification provisions will be determined by this Court. Even though, as a legal matter, *res judicata* may not apply to the Co Owners in such a situation, *as a practical matter*, the determination by this Court of such facts will impede the ability of the Co Owners to protect their interests with respect to their obligations under the Purchase Agreement and likely the agreement whereby PleasrDao purports to have purchased the copyright to the Musical Work.

### CONCLUSION

Thus, Plaintiff respectfully requests that the Court ORDER Plaintiff to join the Co Owners to this action.

//

//

//

//



Sincerely,
*/Erik Dykema/*

Erik Dykema – erik@taylordykema.com
Edward Paltzik – edward@taylordykema.com
Meredith Lloyd – meredith@taylordykema.com

**Taylor Dykema PLLC**
914 E. 25th St.
Houston, TX 77009
*Attorneys for Defendant Martin Shkreli*

