

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

October 27, 2025

**By CM/ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

      Re:     *PleasrDAO v. Shkreli*, Case No. 1:24-cv-04126

Dear Judge Chen:

     We represent Plaintiff Pleasr in the above-referenced action. We write pursuant to the Court's October 6, 2026 Order, and in response to Defendant Martin Shkreli's October 20, 2025 Letter Motion (the "**Motion**") for the Joinder of Robert "RZA" Diggs and Tarik "Cilvaringz" Azzougarh. The Court should deny the Motion because Shkreli has not identified any effect that the absence of Diggs and Azzougarh will have on Pleasr or Shkreli's ability to be afforded complete relief in this action, and neither Diggs nor Azzougarh have asserted an interest in this case or its subject matter. Shkreli's argument is also fundamentally misplaced as it is based on the premise that this is a copyright infringement case and somehow connected to the contract by which he bought the Album[1] in 2015. The existing claims are under the Defense of Trade Secrets Act and New York's common law (together, the "**Trade Secret Claims**") and Section 7101, *et seq.* of the New York Civil Practice Law and Rules (the "**Replevin Claim**") to recover any copies of the Album that Shkreli was supposed to forfeit but improperly retained. Given that their potential copyrights are not at issue, Shkreli has not indicated how Diggs' or Azzougarh's ability to protect their rights could be impaired by the disposition of this action. There is no supportable risk of the possibility of future litigation between Shkreli, and Diggs and/or Azzougarh, and even if there was, disposition of this case would not impede their ability to later protect their rights. Thus, Shkreli's Motion should be denied.

### I.    Background

     In 2015, Shkreli bought the Album from Diggs and Azzougarh pursuant to a purchase agreement (the "**2015 Purchase Agreement**"). Compl. ¶ 18. That agreement imposed several restrictive covenants on Shkreli and prohibited him from selling or transferring the Album unless he bound the buyer or transferee to the same restrictive covenants. *Id.* ¶¶ 20-23. In 2018, this Court entered the Forfeiture Order, which required Shkreli to forfeit his "interests" in the Album to the United States. *Id.* ¶ 27. Pleasr subsequently bought the Album, buying the physical asset, the exclusive right to play the audio tracks, as well as the copyrights in and the exclusive right to exploit the recordings. *Id.* ¶ 29.[2]

---

[1] Unless otherwise noted, all capitalized terms refer to the defined terms in Pleasr's Complaint. *See* ECF 1.
[2] Pleasr has not produced the contracts governing those purchase as this case has not yet entered discovery.

On June 20, 2024, after learning that Shkreli retained copies of the Album's music, Pleasr filed this action alleging that Shkreli (1) violated the Forfeiture Order, (2) violated the federal Defend Trade Secrets Act, (3) misappropriated trade secrets under New York common law, (4) committed tortious interference with a prospective business advantage, (5) committed unjust enrichment, and (6) violated New York's replevin statute. *Id.* ¶¶ 32-46. Pleasr sought, *inter alia*, injunctive relief against Shkreli prohibiting him from possessing, using, disseminating, or selling any interests in the Album, or in any way causing further damage to PleasrDAO respecting the Album and damages stemming from the damage Shkreli has already caused. *See* Compl. Prayer for Relief.

On August 26, 2024, the Court entered a preliminary injunction that, *inter alia*, "preliminarily restrained and enjoined" Shkreli "from possessing, using, disseminating, or selling any interest in" the Album, or "or in any way causing further damage to Plaintiff respecting the Album through this conduct[.]" ECF 30 at 2. On September 25, 2025, following Shkreli's Motion to Dismiss, the Court dismissed three of Pleasr's claims, allowing the case to proceed on the Trade Secret and Replevin Claims. ECF 57 at 32. In so holding, the Court noted that the Album could constitute a trade secret, *id.* at 22, and that the Replevin Claim was sufficiently distinct from copyright claims "in light of Plaintiff's allegation that it has an exclusive right to own the only physical copy of the Album and thus is 'entitled to *possession* of Shkreli's retained copies,'" *id.* at 30-32.

## II. Legal Standard

Federal Rule of Civil Procedure 19 governs whether a party is "necessary" or "required" such that it must joined as a party to an action. Under Rule 19(a)(1), a party is necessary if (A), in that person's absence, the court cannot accord complete relief among existing parties; or (B), that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *See Faiveley Transp. USA, Inc. v. Wabtec Corp.*, 758 F. Supp. 2d 211, 219 (S.D.N.Y. 2010) (citing FRCP 19(a)(1)).

## III. Argument

The Motion argues that both Rule 19(a)(1) conditions are true in this case, i.e., that complete relief cannot be afforded to Pleasr or Shkreli without joinder, and that Diggs' and Azzougarh's ability to protect their interests will be practically impaired by disposition of this action. Both arguments are meritless.

### A. Complete Relief Can Be Accorded to the Parties in Diggs' and Azzougarh's Absence.

The first condition of Rule 19(a)(1) "asks whether the court can grant complete relief in the absence of the non-party, focusing solely on the existing parties." *Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, No. 14-CV-9687 (VEC), 2016 U.S. Dist. LEXIS 18330, at *13 (S.D.N.Y. Feb. 11, 2016). Under this test, "joinder should not be compelled when meaningful relief can be granted without the absentee." 4 Moore's Federal Practice - Civil § 19.03[2][d]; *cf. Golden v. Nat'l Collegiate Student Loan Tr. 2006-4 (In re Golden)*, 671 B.R. 638, 656 (Bankr. E.D.N.Y. 2025) (affirming ruling that "joinder should not be compelled when meaningful relief can be granted without the absent party."). Shkreli argues that the Court cannot do so because both Pleasr and Shkreli assert competing interests in the present and future ownership

Hon. Pamela K. Chen
October 27, 2025
Page 3



of copyrights in the album, and "in an action concerning copyrights, '[t]he court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright.'" Mot. at 3-4 (quoting 17 U.S.C. § 501(b)). This argument is inapposite for several reasons.

*First*, Section 501(b) of the Copyright Act (which Shkreli cites) only concerns copyright *infringement* actions. *See* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled, . . . to institute an action for any infringement of that particular right[.]"). This misappropriation of trade secrets and replevin lawsuit is not an infringement action and never has been one. This is plain from the fact that the Court already dismissed all claims it deemed preempted by the Copyright Act. *See* ECF 57 at 25-30. Section 501(b) is therefore inapplicable to this action.

*Second*, even Section 501(b) did somehow apply here, Shkreli has not explained why the Court cannot accord "complete relief" to Shkreli or Pleasr without joining Diggs and Azzougarh. Section 501(b) only provides that the Court "*may* require" joinder of others asserting interest in the copyright, and that it "shall permit the *intervention*" of such parties. Neither Diggs nor Azzougarh has sought to intervene in this action, and Shkreli has not stated any reason why joinder is otherwise necessary under the "complete relief" standard of FRCP 19(a)(1).

Indeed, the Court can afford Pleasr complete relief under its Trade Secret and/or Replevin Claims without joining Diggs or Azzougarh. To render such relief, the Court must simply find that Pleasr has satisfied the elements of these claims and order the return of the copies he retained, injunctive relief, and/or related damages. Shkreli has not yet asserted any counterclaims, so he can be afforded relief if the court finds in his favor on Pleasr's claims. Shkreli has not identified any element of the existing claims requiring Diggs' or Azzougarh's involvement, as there are none. The Court can determine Shkreli's rights by ruling, as it may have already done,[3] that he forfeited all his interests in the Album under the Forfeiture Order. The Court can determine Pleasr's rights by examining its contracts, which, as Shkreli concedes, he has not yet seen. Shkreli's implication that Diggs or Azzougarh still own any or some of these rights is entirely speculative, and the Motion is premature at best.

Accordingly, Shkreli has not demonstrated how Diggs and Azzougarh's absence from this case will prevent the Court from according complete relief to the parties.

      B. <u>Neither Diggs nor Azzougarh has Claimed an Interest Relating to the Subject of the Action.</u>

Shkreli's argument under the second prong of Rule 19(a)(1)—here, that Diggs' and Azzougarh's ability to protect their interests will be practically impaired without their joinder—is even weaker. Neither Diggs nor Azzougarh has "claim[ed] an interest relating to the subject matter of the action."[4] FRCP 19(a)(1)(B); *see Urban Commons 2 W. LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 2022 U.S. Dist. LEXIS 48767, at *7 (S.D.N.Y. Mar. 18, 2022) ("[C]ourts only address Rule 19(a)(1)(B) when the nonparty claims an interest in the action before the court."); *accord Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 258 (S.D.N.Y. 2010) (citing *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir.

---

[3] *See* ECF 57 at 4 ("The Forfeiture Order required Shkreli to turn over to the United States *his interest* in . . . "the album 'Once Upon a Time in Shaolin' by the Wu-Tang clan.") (emphasis added).
[4] The significant media attention that this case has received would certainly have provided Diggs and Azzougarh with notice.



1996)). To satisfy this precondition of Rule 19(a)(1)'s second prong, the movant must show that the absentee party has "assert[ed] a formal interest in either the subject matter of [the] action or the action itself." *Urban Commons 2 W. LLC,* 2022 U.S. Dist. LEXIS 48767, at *7. Shkreli has not done so, and his argument is therefore moot. *Artists Rights Enforcement Corp. v. Estate of Robinson*, No. 15 Civ. 9878, 2017 U.S. Dist. LEXIS 33169, 2017 WL 933106, at *9 (S.D.N.Y. Mar. 8, 2017) ("It is not sufficient that an existing party attempts to assert the absentee's interest on its behalf.").

Even if Diggs or Azzougarh *had* asserted an interest in the subject matter of this case, however, Shkreli has not shown how their ability to protect their interests would be impaired by the disposition of this case in their absence. Instead, he raises two convoluted arguments that are not supported by the law or the record.

*First,* Shkreli argues that resolution of the extant parties' claims will "require the Court to interpret the 2015 Purchase Agreement" and that, as a matter of law, this "mandates" Diggs and Azzougarh's joinder as co-parties to that contract. Not so. Cases can and do proceed without joining all parties to a contract—even where interpretation of that contract is necessary—if the absentee's "rights and interests are unlikely to be impacted." *See Yeend v. Akima Glob. Servs., LLC*, 347 F.R.D. 405, 412 (N.D.N.Y. 2024) (concluding that "complete relief can be afforded" even where resolution of a "particular issue requires a determination as to which conflicting interpretation of the [absentee party's] Contract is correct."). Indeed, in *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369 (S.D.N.Y. 2000)—one of just two[5] cases to which the Motion cites—the court deemed the absentee party as necessary to the case only after holding that a "reasonably jury could find that [he] did obligate itself" to the defendant in resolving the claims at issue. 107 F. Supp. 2d at 390. Here, interpretation of the 2015 Purchase Agreement is only necessary to determine whether its provisions bear on the trade secret inquiry—a determination that may impact Shkreli's interests, but does not impede Diggs or Azzougarh's ability to protect *their* interests. Interpretation of the 2015 Purchase Agreement is not, as Shkreli implies, necessary to determine whether it imbued Shkreli with rights, because the Forfeiture Order required him to forfeit *all* interests he ever had in the Album.

*Second,* Shkreli claims that disposition of this action "would impede" Diggs and Azzougarh's ability to protect their interests because "it is likely that" the "factual predicates" of their purported guarantees to and promises to indemnify Shkreli in connection with the Album "will be determined." Mot. at 5. Though it is not entirely clear what this means, it is plainly incorrect because Shkreli forfeited *all* interests in the Album under the Forfeiture Order, which would include any guarantee or indemnification interests related to the Album. To the extent this remains an open issue, moreover, *res judicata* may not apply to Diggs and Azzougarh (as Shkreli acknowledges), Mot. at 5, and the "speculative possibility of future litigation" between Shkreli and Diggs and/or Azzougarh is insufficient to "furnish a basis for compulsory joinder." *Yeend v. Akima Glob. Servs., LLC*, 347 F.R.D. 405, 414 (N.D.N.Y. 2024).

For the foregoing reasons, Shkreli's motion for joinder should be denied.

---

[5] Shkreli's other case, *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134 (2d Cir. 2002), also does not help him because it held that the absentee party at issue was *not* a necessary party. 299 F.3d at 142.

Hon. Pamela K. Chen
October 27, 2025
Page 5



Respectfully submitted,


*/s/ Steven Cooper*
Steven Cooper

SC:rc

Encl.