

October 30, 2025
VIA ECF
Hon. Judge Pamela K. Chen
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

   Re:    *PleasrDao v. Shkreli,* 24-cv-4126-PKC-MMH
             Defendant's Reply in Further Support of its Letter Motion for Joinder of Robert "RZA" Diggs and Tarik "Cilvaringz" Azzougarh

To this Honorable Court, and Counsel-

     In its Complaint, PleasrDao pled that it owns the copyrights and other exclusive contractual rights to *Once Upon a Time in Shaolin* (collectively, the "Intangible Rights,") and based the remainder of its claims on those rights. But now, in an effort to avoid joinder of the absent Co-Owners of those Intangible Rights, PleasrDao has changed its tune. Plaintiff now argues the Co-Owners' "potential copyrights are not at issue" in this lawsuit and that Court can fully resolve Plaintiff's claims without adjudicating the Co-Owners' interests. *Id.* Plaintiff is wrong on both counts. Plaintiff's claims and the disputed issues of rights ownership are inextricably intertwined. with disputed issues of ownership of the copyrights and contractual rights in and to *Once Upon a Time in Shaolin.* PleasrDao raises several arguments with the Motion, none of which are persuasive.

     First, PleasrDao argues that "Shkreli has not identified any effect that the absence of Diggs and Azzougarh will have on Pleasr or Shrkeli's ability to be afforded complete relief in this action." Dkt. 60, p. 1, ¶1.  Similarly, PleasrDao argues that the Court can afford complete relief by "simply find[ing] that Pleasr has satisfied the elements of these claims..." Both assertions are false.

     As has been clear since Shkreli's earliest filings in this matter and as cited in the *Motion*, Shkreli's ownership of the Intangible Rights as been consistently asserted and is a complete defense to PleasrDao's claims. Because the Co-Owners and Shkreli each own half the copyrights (i.e. the legal right to make copies), neither can be held to have "violated" or "misappropriated" a "trade secret" owned by PleasrDao. Likewise, if the Co-Owners and Shkreli own the right to make copies for personal use (as provided under the Purchase Agreement), then PleasrDao is not entitled to "recover" that copy, defeating PleasrDao's replevin claim. Thus, the Court cannot find for PleasrDao without determining that PleasrDao – rather than Shkreli and the Co-Owners – owns the Intangible Rights granted to Shkreli (or retained by the Co-Owners, respectively) by the Original Purchase Agreement. Even a determination by the Court that *either* PleasrDao or the Co-Owners own the rights, but not Shkreli, own the rights would be injurious to the Co-Owners'

1


interests, because – in their absence – it could subject them to indemnities under the Original Purchase Agreement.

There are many rights granted by the Original Purchase Agreement: for example, the right to "Fifty Percent (50%) of the copyrights and renewal copyrights in the recordings and musical compositions embodied in the Work," "Eighty-eight (88) years after the Closing, the right to the unrestricted use of the Work and the transfer of full copyright ownership, without further obligation or payment to anyone..." Dkt. 4-3 pp. 5-6. And, the right to "duplicate or replicate the Work for private use" (Dkt. 4-3, p. 5, ¶4.b.1) and the right to "private or public exhibition or playing of the Work" *Id.* PleasrDao has made clear their position that Shkreli owns none of these rights, but – due to the guaranty and indemnify obligations of the Original Purchase Agreement – even if the Court agrees with PleasrDao, that decision could be injurious to the Co-Owners. Thus, in deciding this case for either party, the Court would be determining ownership of property (the aforementioned intangible rights) which is claimed in part by a third party (the Co-Owners) in the absence of that third party. Preventing these situations is the purpose of mandatory joinder under Rule 19. *See, e.g. Seagrape Inv'rs LLC v. Kaleil Isaza Tuzman*, No. 21-cv-7517 (RA), 2025 LX 308483 at *12-13 (S.D.N.Y. Sep. 15, 2025) ("The Court first finds that OP Feeder is a 'necessary' party under Rule 19(a), because it is a party to a contract—the First Amendment—that Seagrape's suit aims to cancel. As the Second Circuit has held, '[i]f the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a).'") As in *Seagrape,* PleasrDao seeks a judicial determination that the contract between the absent Co-Owners and Shkreli is cancelled – mandating joinder of the absent Co-Owners.

Second, PleasrDao argues that 17 USC §501(b) is inapplicable because this action is not for copyright infringement. Shkreli agrees that this is not (presently) an action for copyright infringement and that 17 USC §501(b) does not govern. However, as this Court has already determined that the subject matter of this case – exclusive rights governing the duplication, exhibition, and performance of purportedly "secret" sound recordings – is similar enough to the subject matter of the Copyright Act to warrant dismissal of several counts of the complaint, surely the Copyright Act's provisions on joinder of persons having an interest in the copyrights is helpful and relevant to the Court in determining the present questions on joinder – particularly since 17 USC 501(b) is consistent with Fed. R. Civ. P. 19.

Third, PleasrDao makes several similar arguments to the effect that neither Shkreli nor the absent Co-Owners have asserted claims. *See, e.g.* Opposition at p. 3 ("Shkreli has not yet asserted any counterclaims," "Neither Diggs nor Azzougarh has 'claim[ed] an interest...'"). This argument is frivolous as applied to Shkreli, and misunderstands the purpose of joining absent parties as applied to the Co-Owners. With respect to Shkreli, the *Motion* makes clear that Shkreli has consistently plead his ownership of the copyrights before this Court and cites several instances where he has raised these issues with the Court. While it is true that Shkreli has not yet filed his counterclaims in this matter due to the previously pending Motion to Dismiss and the presently pending Motion for Joinder, PleasrDao knows full well that Shkreli has and will assert ownership of the Intangible Rights and the continued validity of the Original Purchase



Agreement. *See* Motion (Dkt. 59) p. 3 ("Defendant denies this allegation, and claims that he is the present owner..." citing three different portions of the record.)

As to the Co-Owners, PleasrDao's argument is simply incorrect. The Co-Owners *have* claimed an interest in the Intangible Rights. *See Original Purchase Agreement,* Dkt. 4-3, p. 7, ¶5.b ("Sellers have all rights to sell the Work.") Alternately, if PleasrDao means that the Co-Owners have not appeared in this proceeding and asserted their ownership interest or other position on these issue, then that is true – but that is the *reason for Joinder* under Rule 19 – to put persons who have claimed an interest in property formally on notice of the pendency of an action that may divest them of an interest in that property or otherwise interpret their rights pursuant to a contract.

Fourth, Plaintiff argues that it is unnecessary to join the absent Co-Owners because their "rights and interests are unlikely to be impacted." *Opp.* at 4. This argument makes no logical sense in the context of PleasrDao's claims, which – for PleasrDao to prevail on – would require this Court to make factual findings that PleasrDao – not the absent Co-Owners – owns those rights. PleasrDao asserts that it owns the "copyrights in and exclusive right to exploit the recordings." *See* Compl. ¶29. PleasrDao then asserts "misappropriation" of the album under the Defend Trade Secrets Act because Shkreli did "unauthorized and impermissible reproduction and/or acquisition of copies of the Album..." and "knew ... of the circumstances giving rise to a duty to maintain the secrecy of the Album, and he disclosed or used the Album without the consent of PleasrDao" and that "Shkreli's misappropriation was willful and malicious." *See* Compl. ¶¶72-73. By definition, for PleasrDao to have the exclusive rights – including the so-called "trade secrets" - asserted, the Co-Owners cannot own them, contrary to their stated interest in the Original Purchase Agreement. This fact alone necessitates their joinder.

Even at this early stage, both the record and relevant case law confirms that the Co-Owners are indispensable parties to this case. *See Baldwin v. Interscope Records, Inc.*, No. 19-cv-8923 (JGK), 2021 U.S. Dist. LEXIS 41733, at *12 (S.D.N.Y. Mar. 4, 2021) (concluding that joinder was proper because, *inter alia*, the court's determination of copyright ownership turned on adjudication of whether the absent party breached a contract to which it was a party); *Ente Nazionale Idrocarburi v. Prudential Sec. Grp., Inc.*, 744 F. Supp. 450, 458 (S.D.N.Y. 1990) (concluding that the absent party "has both clear rights and affirmative obligations under [a] contract which [the court] must construe" and therefore "has real interests that are clearly at stake in this action"); *see also Felix Cinematogafica v. Penthouse Int'l Ltd.*, 99 F.R.D. 167, 171 (S.D.N.Y. 1983) (Weinfeld, J.) (concluding that the absent party's interests were "clearly implicated" where claims depended on resolving conflicting agreements, including one to which the absent party was a signatory).

In short, the Co-Owners should be joined because they "possess rights arising from the agreements at issue which are inextricably intertwined with issues bound to be raised in an action solely against [Defendant]." *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 75 (2d Cir. 1984). These rights include the Co-Owners' entitlement to a portion of the profits made by Mr. Shkreli and/or PleasrDAO, the status of their continued copyright ownership, and their potential right to control the release of the Musical Work.



Here, "with both ownership of the copyright and the right to exploit the album at least obscure, injunctive relief would be inappropriate without the presence of [the Co-Owners]." *Thurman v. Bun Bun Music*, 2015 U.S. Dist. LEXIS 61514, at *33 (S.D.N.Y. Feb. 25, 2015) (requiring joinder of the owner of music rights as an indispensable party).

For these reasons and for those reasons previously set forth in Defendant's Letter Motion, this Court should order the joinder of Mr. Diggs and Mr. Azzougarh to this action.

Sincerely,

*/Erik Dykema/*

Erik Dykema – erik@taylordykema.com
Edward Paltzik – edward@taylordykema.com
Meredith Lloyd – meredith@taylordykema.com

**Taylor Dykema PLLC**
914 E. 25th St.
Houston, TX 77009



4