

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 12, 2026

**By CM/ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

   Re:  *PleasrDAO v. Shkreli*, Case No. 1:24-cv-04126

Dear Judge Chen:

   We represent Plaintiff PleasrDAO ("**Pleasr**") in the above-referenced action and write pursuant to Rule 3(A) of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference before filing a motion to dismiss Defendant Martin Shrkreli's Counterclaims (the "**Counterclaims**") under Federal Rule of Civil Procedure ("**FRCP**") 12. Shkreli's Counterclaims purport to allege five new counts against Pleasr and new parties, Robert Diggs ("**Diggs**") and Tarik Azzougarh ("**Azzougarh**").[1] Count I seeks judgment declaring that Shkreli has not misappropriated any alleged trade secrets. Counts II and III seek judgment declaring the Parties' present and future copyright interests in and to the "Musical Work" on "Once Upon a Time in Shaolin" (the "**Album**")—the one-of-a-kind album by the hip hop group, Wu-Tang Clan. Count IV is only against the nonparties. Count V asserts that Pleasr tortiously interfered with the original purchase agreement between Diggs and Azzougarh and Shkreli, dated September 3, 2015 (the "**OPA**"), by purchasing the same 50% future copyright interest purportedly owned by Shkreli. Even assuming the truth of the Counterclaims' factual allegations, none of the claims can be sustained because they are untimely, mirror Pleasr's own claims, and barred by the Forfeiture Order and the law of the case.

   <u>**The Counterclaims are Untimely.**</u> The Counterclaims should be dismissed under FRCP 12 because Shkreli filed them more than three months after they were due. Responsive pleadings "must be served within 14 days after notice" of a court's denial of a motion to dismiss. FRCP 12(a)(4)(A). And any compulsory counterclaims "must" be stated in a responsive pleading if the pleader has the claim at the time of service. FRCP 13(a)(1). A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," where there is a "logical relationship" between the counterclaim and the main claim. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004). The counterclaims asserted against Pleasr arise out of transactions and occurrences that are the subject matter of Pleasr's claim—namely, ownership interests in the Album. *Cf. Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 CV 3939 (CM), 2008 U.S. Dist. LEXIS 67474, at *33-34 (S.D.N.Y. Sept. 2, 2008).

---

[1] On February 11, 2026, the Court directed the Clerk to remove Diggs and Azzougarh as counterclaim-defendants from the docket. Accordingly, the claims against those nonparties, Counts I-III, and Count IV (which was only brought against those nonparties) will not be addressed in this letter.



The Court denied in part Shkreli's Motion to Dismiss on September 25, 2025, permitting Pleasr's replevin and state and federal trade secret claims (the "**Trade Secret Claims**") to proceed. ECF 57. Shkreli's deadline to file any compulsory counterclaims was thus October 9, 2025. Shkreli did not file the Counterclaims until February 2, 2026, without seeking leave of the Court. The Counterclaims must thus be dismissed as untimely. *See Priestley v. Comrie*, No. 07-cv-1361 (HB), 2008 U.S. Dist. LEXIS 64827, at *8-9 (S.D.N.Y. Aug. 25, 2008) (striking Answer with counterclaims as "completely untimely" when filed more than 60 days after disposition of defendants' motion to dismiss).

<u>**Count I of the Counterclaims Fails Under the Mirror Image Doctrine.**</u> Count I of the Counterclaims should be dismissed because it will be resolved through the resolution of Pleasr's claims. When a counterclaim is the "mirror image" of an opposing party's claim and the counterclaim serves no independent purpose, the counterclaim may be dismissed. *Worldwide Home Products, Inc. v. Bed Bath and Beyond, Inc.*, 2013 U.S. Dist. LEXIS 9146 *2 (S.D.N.Y. Jan. 22, 2013). "In determining whether a counterclaim is merely a mirror image of a claim, the court must consider whether a case or controversy would still exist in connection with the counterclaim if the court entered a judgment dismissing the opponent's claim." *Id*. The court may dismiss a counterclaim "where it is merely a repackaging of its defenses and mirrors the plaintiff's claims." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay ("Centro")*, 954 F. Supp. 2d 127, 138 (E.D.N.Y. 2013). Count I of the Counterclaims, which seeks a declaration that Shkreli has not misappropriated any alleged trade secrets related to the Album, is nothing more than a repackaging of Shkreli's Second Affirmative Defense and a mirror image of Pleasr's Trade Secret Claims. *See* Answer ¶ 111. Were the Court to enter judgment against Pleasr on either of the Trade Secret Claims, no case or controversy would exist in connection with Count I of the Counterclaims. It should thus be dismissed. *See Centro*, 954 F. Supp. 2d at 138 (dismissing declaratory relief counterclaim); *Worldwide Home Products, Inc.*, 2013 U.S. Dist. LEXIS 9146, at *7-8 (same).

<u>**Counts II, III and V of the Counterclaims Fail Under the Forfeiture Order.**</u> Counts II and III seek a declaration that Shkreli owns the copyrights in the Musical Work under the OPA, arguing that the Order of Forfeiture entered in *USA v. Shkreli*, No. 15-cr-637(KAM) (E.D.N.Y.) ("Forfeiture Order") only required Shkreli to forfeit the Engraved Box while permitting him to retain residual copyright interests.[2] Count V asserts that Pleasr induced a breach of the OPA by Diggs and Azzougarh, via the selling of Shkreli's purported 50% future copyright interest, to Pleasr. These Counts should be dismissed because Shkreli cannot assert any rights under the OPA, or to copyrights, after forfeiting his interests in the Album pursuant to the Forfeiture Order.

The Forfeiture Order, entered in the EDNY before Pleasr purchased the Album, ordered Shkreli to "forfeit his *interest* in . . . as well as all proceeds traceable thereto . . . the album 'Once Upon A Time in Shaolin' by the Wu Tang Clan[.]" The Forfeiture Order did not delineate any specific "interests" in the Album that Shkreli could retain. The language and intent of the forfeiture Order were affirmed by this Court's statements to defense counsel during the August 23, 2024 preliminary injunction hearing:

> I don't know under what construction [Shkreli] could have thought that forfeiting the album, his "interest" in the album, didn't include forfeiting the contents, given that the interest depends on the uniqueness or the singular possession of the contents of that album. . . . The interest is the ability to control that item; what's in it, what comes with it,

---

[2] The Answer and Counterclaims seek to distinguish between the "Musical Work," which it defines as the "recording," and the "Engraved Box," which it defines as the "original copy." ECF 63 at 3, n.1.



*everything*. So you and I could disagree, but ultimately I'm not going to adopt your interpretation.

ECF 55 at 30:12-33:2 (emphasis added). Accordingly, Shkreli forfeited any interest he once had in the Album, including any purported copyright interests in the Musical Work.

Shkreli has thus not pled sufficient facts to demonstrate that he has standing, under Counts II, III and V, to seek a declaration of copyright interests under the OPA, or damages incurred because of any breach of the OPA. Similarly, because he forfeited his interest in the Album, Shkreli has not pled sufficient facts to demonstrate that Diggs or Azzougarh did, in fact, breach the OPA, or that Pleasr had the requisite intent to induce such a breach, which are required elements for Count V. *See Davis v. Odn I GmbH, No. 25-860*, 2025 U.S. App. LEXIS 30497, at *7 (2d Cir. Nov. 21, 2025) ("In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party . . . ." and the "intentional procurement" of that breach) (citations omitted).

\*     \*     \*

For the foregoing reasons, Pleasr requests a pre-motion conference prior to filing a motion to dismiss Shkreli's Counterclaims.

Respectfully submitted,


*/s/ Steven Cooper*
Steven Cooper