IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PleasrDAO, <br>    Plaintiff, <br> v. <br><br> Martin Shkreli, <br>    Defendant | Case No.: 1:24-cv-04126-PKC-MMH |
| Martin Shkreli, <br>    Counterclaim Plaintiff, <br> v. <br><br> PleasrDAO, Robert Diggs*, and Tarik Azzougarh*, <br>    Counterclaim Defendant | |
| Martin Shkreli, <br>    Third-Party Plaintiff, <br><br> v. <br> Robert Diggs and Tarik Azzougarh, <br><br>    Third-Party Defendants | |

## THIRD PARTY COMPLAINT

Defendant and Third-Party Plaintiff, Martin Shkreli ("Shkreli"), by and through the undersigned counsel, hereby alleges for his third-party claims against Robert Diggs p/k/a The RZA ("the RZA"), and Tarik Azzougarh p/k/a Cilvaringz ("Cilvaringz") on personal knowledge as to his own activities and on information and belief as to all other matters, as follows:

### Preliminary Statement

1. This is a third-party action for contractual indemnification based on the Original Purchase Agreement (the "OPA," ECF 23) dated September 3, 2015 by which Third-Party Defendants The RZA and Cilvaringz agreed, *inter alia*, to indemnify, defend, and hold Shkreli harmless from and against any claims in any cases or proceedings of any type

1

arising out of, in connection with, or in any way related to the Musical Work[1], including Shkreli's Permitted Use of the Musical Work (defined *infra*), in the event of any breach by any Third-Party Defendant. Third-Party Defendants are obligated to defend, indemnify, and hold Shkreli harmless from PleasrDAO's claims in the main action and to reimburse Shkreli for his costs, expenses, and attorneys' fees incurred in defense of the main action.

## Parties

2. Shkreli is the Defendant in the above-captioned action, and is an individual residing in New York, New York.

3. The Plaintiff in the above-captioned action is PleasrDAO ("Plaintiff" or "PleasrDAO"). On information and belief, PleasrDAO is an exempted foundation company established in the Cayman Islands located with a registered address at Cricket Square, Hutchins Drive, PO Box 2681, Grand Cayman, KY1-1111, Cayman Islands.

4. Third-Party Defendant The RZA is the founder and chief executive of Wu-Tang Productions, Inc., and is an individual who was engaged in the creation of the Musical Work and the Engraved Box, was a party to the Original Purchase Agreement (defined *infra*), and on information and belief resides in Bell Canyon, California.

5. Third-Party Defendant Cilvaringz is an individual who was engaged in the creation of the Musical Work and the Engraved Box, was a party to the Original Purchase Agreement (defined *infra*), and on information and belief resides in Marrakech, Morocco.

---

[1] The "Musical Work" as used herein includes the data and files that make up *Once Upon a Time in Shaolin…* by the Wu-Tang Clan. The "Engraved Box" includes the commemorative first copy of the data and files, packaged in an ornate silver box and accompanied by a manuscript, certificate of authenticity, and other accessories.

2

**Jurisdiction and Venue**

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) on the grounds that the Court has original jurisdiction of the main action pursuant to 28 U.S.C. §§ 1331 and 1332.

7. This Court has ancillary jurisdiction on the grounds that this Third-Party Complaint sounds in contractual indemnification.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) at least because and a substantial part of the events giving rise to these claims occurred in this District, and also pursuant to 28 U.S.C. § 1391 (b)(2) since a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Facts**

9. On September 3, 2015, Third-Party Defendants and Shkreli entered into an agreement for the transfer of ownership of what was then the only copy of the Musical Work *Once Upon A Time in Shaolin...* by the Wu-Tang Clan, embodied in the Engraved Box. *Id.*

10. The OPA stated in part that Third-Party Defendants:

> jointly and severally indemnify, defend, and hold Buyer harmless, to the fullest extent authorized and permitted by law, from and against any and all demands, actions, proceedings, suits, claims, judgments, orders, damages, loss, amounts paid in settlement, or other liabilities or expenses incurred by Buyer (including paying ongoing reasonable attorneys' fees and expenses in any lawsuit), *in each and any case or proceeding of any type arising out of, in connection with, or in any way related to the Work, the Buyer's Permitted Uses of the Work*, any commercialization of the Work permitted in the event of a breach by Sellers pursuant to Paragraphs 7(c), 7(d), or 7(e) herein, and/or any Seller's breach of any of its obligations, representations, warranties, or covenants in this Agreement, including without limitation any claims from any Wu-Tang Clan group member(s), and/or related party, and any claims from any artist appearing on the Work.

3

ECF 23 at p. 12[2]. (emphasis added)

11. The main action arises out of Shkreli's Permitted Uses of the Musical Work.

12. The OPA's "Permitted Uses" include "private or public exhibition or playing of the Work, with or without charge, in locations such as [Shkreli's] home, museums, art galleries, restaurants, bars, exhibition spaces, or other similar spaces not customarily used as venues for large musical concerts." OPA at p. 7.

13. The OPA further stated that "no copies of the [Musical] Work will be made unless at the request of [Shkreli]." *Id.* at p. 9.

14. In the main action, PleasrDAO has alleged that Shkreli's making copies of the Musical Work while he was in possession of the Engraved Box gives rise to its claims against Shkreli.

15. On June 10, 2024, PleasrDAO commenced the main action by filing a Complaint against Shkreli with claims for: enforcement of an order, violations of the defend trade secrets act, trade secret misappropriation, tortious interference with prospective economic advantage, unjust enrichment, and recovery of chattel. ECF 1. PleasrDAO's Complaint is attached as **Exhibit A** hereto. ("Complaint" or "Compl.")

16. Shkreli timely served and filed a Motion to Dismiss the Complaint or in the Alternative, to Order the Joinder of Necessary Parties Robert "the RZA" Diggs and Tarik "Cilvaringz" Azzougarh (i.e., Third Party Defendants) to this action. *See* ECF 33 (Letter Notice of Service), ECF 47 (Notice of Motion & Supporting Papers).

---

[2] Page numbers refer to ECF-generated pagination, and not to the internal page numbers that may be in the original document.

17. In its Memorandum Opinion & Order dated September 25, 2025, this Court dismissed PleasrDAO's claims for enforcement of an order, tortious interference with prospective economic advantage, and unjust enrichment, and ordered further briefing on the issue of joinder. ECF 57.

18. On January 19, 2026, this Court denied Shkreli's motion for an order directing PleasrDAO to join the Third Party Defendants to this case. ECF 59.

19. On February 2, 2026, Shkreli timely answered the Complaint denying the material allegations therein and asserting counterclaims against PleasrDAO and against each of the Third-Party Defendants. ECF 63. Shkreli's Answer and Counterclaims is attached as **Exhibit B**.

20. The Complaint alleges, *inter alia*, that Shkreli is liable to PleasrDAO for his Permitted Use of the Musical Work since PleasrDAO holds the exclusive rights to play, use, exploit, and possess the Musical Work, as well as the Engraved Box. Compl.¶¶ 2, 29.

21. The OPA further provided that the Third Party Defendants:

> personally guarantee any payment or indemnity obligation herein. This personal guaranty is irrevocable.

OPA at pp. 12-13.

22. In addition to the "personal guarantee" above, the OPA provided that:

> The Liability of the Sellers and Buyer under this guaranty shall be absolute and unconditional, irrespective of: (a) any lack of validity or enforceability of any of the obligations in this Agreement; (b) the commencement of a voluntary or an involuntary case or proceeding under the Federal Bankruptcy Code or any state or foreign bankruptcy, insolvency or similar statute affecting the Sellers; or (c) any other circumstance that might otherwise constitute a. defense available to, or a discharge of, this guaranty.

*Id.*

23. Third-Party Defendants had an ownership interest in the rights in and to the Musical Work, until they transferred that ownership interest to PleasrDAO in or around January 2024. *Id.; see also* Original Purchase Agreement ("OPA"), ECF 23.

## COUNT I: BREACH OF CONTRACT

24. Shkreli restates each allegation of the preceding paragraphs, as if fully set forth herein.

25. The OPA obligates Third-Party Defendants to "transfer full copyright ownership, without further obligation or payment to anyone, including Sellers or their heirs" to Shkreli 88 years after the OPA. OPA at p. 7.

26. At all times pertinent hereto, Shkreli fully performed and fulfilled his obligations under the OPA.

27. Third-Party Defendants breached the OPA by, *inter alia*, selling their remaining interest in the Musical Work to PleasrDAO, directly or through an intermediary.

28. As a result of Third-Party Defendants' breach of the OPA, PleasrDAO brought the main action against Shkreli, alleging that it has the sole and exclusive right to possess, play, exploit, share, and otherwise use the Musical Work and the Engraved Box. *See generally,* Complaint.

29. As a result of Third-Party Defendants' breach of the OPA, Shkreli has sustained damages and continues to sustain damages including but not limited to the expenses, costs, and attorneys' fees incurred in defending the main action.

30. By virtue of the foregoing, the Third-Party Defendants are liable to Shkreli in an amount to be determined at trial, plus interest.

## COUNT II: CONTRACTUAL INDEMNIFICATION

31. Shkreli restates each allegation of the preceding paragraphs, as if fully set forth herein.

32. The OPA obligates the Third-Party Defendants to jointly and severally defend, indemnify, and hold Shkreli harmless from PleasrDAO's claims in the main action.

33. In the event PleasrDAO obtains verdict or judgment against Shkreli in the main action, then, pursuant to the terms of the OPA, Shkreli is entitled to be indemnified and held harmless by Third-Party Defendants, to have judgment over and against them for any verdict or judgment that may be recovered by PleasrDAO as against Shkreli, to the costs, expenses, and attorneys' fees incurred in his defense of the main action plus interest, together with their costs and expenses and attorneys' fees in this third-party action.

## COUNT III: DECLARATORY JUDGMENT

34. Shkreli restates each allegation of the preceding paragraphs, as if fully set forth herein.

35. Pursuant to 28 U.S.C. § 2201, the Court may declare the rights of the parties under the OPA.

36. By reason of the foregoing, Shkreli is entitled to a judgment declaring that the Third-Party Defendants are jointly and severally obligated to defend, indemnify and hold him from PleasrDAO's claims in the main action and that Third-Party Defendants are obligated to reimburse Shkreli for the costs, expenses and attorneys' fees that Shkreli incurs in defense of the main action.

37. Shkreli has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff requests that the Court enter judgment against Third-Party Defendants as follows:

   a. On Count I, an award of damages against Third-Party Defendants in an amount to be determined at trial plus costs, attorneys' fees, and interest;

7

b. On Count II, an award of damages against Third-Party Defendants in an amount to be determined at trial plus costs, attorneys' fees, and interest;

c. On Count III, for judgment declaring that Third-Party Defendants are obligated to defend, indemnify, and hold Shkreli harmless from PleasrDAO's claims in the main action and to reimburse Shkreli for the costs, expenses, and attorneys' fees that he incurs and has incurred in defense of the main action and in pursuit of this third-party action; and

d. Awarding such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Third-Party Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
02/17/2026

                                        Respectfully Submitted,

                                        */s/ Edward A. Paltzik*
                                        Edward A. Paltzik, Esq.
                                        Erik Dykema, Esq.
                                        Meredith Lloyd, Esq. (*pro hac vice*)
                                        516-526-0341
                                        Taylor Dykema PLLC
                                        914 E 25th Street
                                        Houston, TX 77009
                                        edward@taylordykema.com
                                        erik@taylordykema.com
                                        meredith@taylordykema.com