

## TAYLOR DYKEMA

Edward A. Paltzik
Erik Dykema
Meredith Lloyd (*pro hac vice*)
(516) 526-0341
edward@taylordykema.com
erik@taylordykema.com
meredith@taylordykema.com

February 20, 2026

**VIA ECF**

Hon. Judge Pamela K. Chen
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   ***PleasrDao v. Shkreli, 24-cv-4126-PKC-MMH***
      Response to PleasrDAO's Letter Request for Pre-Motion Conference

Your Honor:

This Firm represents Martin Shkreli ("Shkreli"), the Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff in the above-captioned matter. Pursuant Section 3(A) of Your Honor's Individual Practices, the undersigned counsel submits this letter in opposition to Plaintiff's letter request for a pre-motion conference on its anticipated motion to dismiss Shkreli's counterclaims against PleasrDAO ("Counterclaim Defendant," "Plaintiff," or "PleasrDAO"). We respectfully submit that PleasrDAO's anticipated motion is without merit, since Shkreli's counterclaims were timely filed after full resolution of his motion to dismiss the Complaint, his first counterclaim is distinct from PleasrDAO's trade secret claims, and his second and third counterclaims are not barred by the Forfeiture Order.

### Shkreli's Motion to Dismiss was Fully Resolved on January 19, 2026

In his Motion to Dismiss, Shkreli asked this Court to dismiss PleasrDAO's claims against him, or in the alternative, to order that PleasrDAO join Robert "the RZA" Diggs and Tarik "Cilvaringz" Azzougarh to this action as necessary parties. ECF 47-1 at p. 21. On September 5, 2025, this Court dismissed PleasrDAO's claims for enforcement of an order, tortious interference with prospective economic advantage, and unjust enrichment. ECF 57. Addressing Shkreli's request for joinder, the Court "defer[red] ruling on this request until the issue can be fully briefed" and issued a briefing schedule directed to this dispute. *Id.* at p. 32. After PleasrDAO and Shkreli submitted their respective briefs, this Court issued a decision denying Shkreli's request for

required joinder on January 19, 2026. Text Order dated Jan. 19, 2026. 14 days later, on February 2, 2026, Shkreli filed his Answer to PleasrDAO's Complaint with Counterclaims. ECF 63.

It is well-settled that a judgment is only final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order. *RSS WFCM2018-C44 - NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 590 (2d Cir. 2023) (citing *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs*, 571 U.S. 177, 183 (2014); *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *see also, e.g.*, *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 449 (2d Cir. 2013)); *see also Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).

Here, the Court did not fully resolve Shkreli's motion to dismiss until the January 19, 2026, Order. As of September, the question of which entities and people were parties to this lawsuit was unresolved, leaving much more than "executing the order" to the court. The issue of joinder as necessary parties was raised in Shkreli's motion to dismiss, and without this resolution, Shkreli would have been forced to file an Answer based on speculation as to the result of his motion. Accordingly, Shkreli's Answer and Counterclaims were timely, and his counterclaims should not be dismissed.

Further, if PleasrDAO believed that Shkreli was obligated to respond to its Complaint within 14 days of the September decision, the proper remedy would have been to file a motion asking this Court to hold Shkreli in default for his alleged failure to respond. Far from defaulting, Shkreli has been and continues to be actively involved in litigating this case, and so this would also be an inappropriate remedy.

**Shkreli's First Counterclaim Is Distinct from PleasrDAO's Trade Secret Claims**

Count I of Shkreli's counterclaims seeks resolution of a controversy that is distinct from PleasrDAO's trade secret misappropriation claims. Specifically, Shkreli has alleged that "PleasrDAO has no protectable rights in any of its alleged trade secrets." ECF 63 at Countercl. ¶ 49. Shkreli's counterclaim for declaratory judgment is distinct since it would continue to be a justiciable controversy without PleasrDAO's claims.

It is well settled that in deciding whether counterclaims are mirror images of other claims at issue in a lawsuit, courts "must consider whether a case or controversy would still exist in connection with the counterclaim if the court entered a judgment dismissing the opponent's claim." *Worldwide Home Prods., Inc. v. Bed Bath and Beyond, Inc.*, 2013 U.S. Dist. LEXIS 9146, at *2 (S.D.N.Y. Jan. 22, 2013). Courts in this District routinely deny dismissal of counterclaims seeking non-infringement or unenforceability of intellectual property rights. *Certicable Inc. v. Point 2 Point Commc'ns Corp.*, No. 2:23-cv-5322, 2025 U.S. Dist. LEXIS 34766, at *21 (E.D.N.Y. Feb. 26, 2025). ("[I]f there is a cause of action for infringement and a declaratory judgment counterclaim 'asserts an independent case or controversy,' such as invalidity or unenforceability, 'which would remain viable after a dismissal of the plaintiff's claim,' courts decline to dismiss the non-infringement counterclaims as duplicative.") (citing *Orientview Techs. LLC v. Seven for All Mankind, LLC*, No. 13-cv-0538, 2013 U.S. Dist. LEXIS 111107, at *13 (S.D.N.Y. Aug. 7, 2013)).

As set forth in *Town & Country Linen Corp. v. Ingenious Designs LLC*, counterclaims for declaratory judgment are proper in cases such as this, where a defendant "would remain vulnerable



to liability on the same claims" and thus, "a case or controversy would still exist in connection with the declaratory judgment counterclaims." No. 18-cv-5075, 2020 U.S. Dist. LEXIS 111610, at *42-43 (S.D.N.Y. June 25, 2020), *see also Orientview Techs*., 2013 U.S. Dist. LEXIS 111107, at *4-5; *Ferring B.V. v. Fera Pharmaceuticals, LLC*, 2014 U.S. Dist. LEXIS 142670, at *6 (E.D.N.Y. Aug. 13, 2014); *Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88 (2d Cir. 1939); *Larson v. Gen. Motors Corp.*, 134 F.2d 450 (2d Cir. 1943)); FED. R. CIV. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, [plaintiff's] action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication"); *Canon U.S.A., Inc. v. F&E Trading Ltd. Liab. Co.*, No. 2:15-cv-6015, 2017 U.S. Dist. LEXIS 160994, at *28-29 (E.D.N.Y. Sep. 29, 2017).

### The Forfeiture Order Does Not Bar Shkreli's Second and Third Counterclaims

Shkreli's counterclaims for declaratory judgment of copyright ownership are not barred by the forfeiture order. In reviewing a motion to dismiss a counterclaim under Rule 12(b)(6), the Court must accept all factual allegations in the counterclaim as true and draw all reasonable inferences in the counterplaintiff's favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). Here, it is not unreasonable to infer that the Engraved Box and the Musical Work were treated as separate pieces of property, based on the language of the contracts that govern the transactions at issue in this matter, as well as the facts pled by Shkreli. ECF 63. The Asset Purchase Agreement ("APA") expressly addressed this point, disclaiming any and all warranties providing a list of purchased assets that included *only* physical objects. *See generally,* APA. [ECF 22-3].

At a minimum, PleasrDAO's motion is without support because courts allow claims to stand "[w]here the contract language is ambiguous, and "it is not clear whether the contract contemplates the particular factual scenario" at issue. *Bay St. Advisors, LLC v. Mahoney,* No. 24-CV-9139, 2025 U.S. Dist. LEXIS 194025, at *15-16 (S.D.N.Y. Sep. 30, 2025). Although the series of contracts makes clear that the Musical Work and the Engraved Box are treated as separate possessions, and Defendant has alleged in his Answer that they are separate possessions, if this Court is inclined to consider the contract language "ambiguous," dismissal is still inappropriate.

Thus, Counterclaim Plaintiff respectfully requests that the Court DENY PleasrDAO's Request for a pre-motion conference.

Sincerely,

*/s/ Edward Andrew Paltzik*
Edward Andrew Paltzik – edward@taylordykema.com
Erik Dykema – erik@taylordykema.com
Meredith Lloyd (*pro hac vice*) – meredith@taylordykema.com
(516) 526-0341
**Taylor Dykema PLLC**
914 E. 25th St.
Houston, TX 77009

*Attorneys for Martin Shkreli*



3