**ReedSmith**
Driving progress through partnership

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 10, 2026

**By CM/ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

    Re:    *PleasrDAO v. Shkreli*, Case No. 1:24-cv-04126

Dear Judge Chen:

    We represent Plaintiff PleasrDAO ("**Pleasr**") in the above-referenced action and write pursuant to Rule 3(A) of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference before filing a motion to dismiss Defendant Martin Shrkreli's Third Party Complaint ("**TPC**") under Federal Rule of Civil Procedure ("**FRCP**") 12. The TPC brings three counts against Robert Diggs and Tarik Azzougarh (together, the "**Third Party Defendants**"). **Count I** alleges that the Third Party Defendants breached the original purchase agreement between the Third Party Defendants and Shkreli, dated September 3, 2015 (the "**OPA**"), by selling to Pleasr their "remaining interest" in the "Musical Work" on "Once Upon a Time in Shaolin" (the "**Album**"), to which Shkreli claims a future interest. **Count II** alleges a claim of "contractual indemnification" against the Third Party Defendants pursuant to the OPA. **Count III** seeks a judgment declaring that the OPA obligates the Third Party Defendants to defend, indemnify, and hold Shkreli harmless from Pleasr's claims against Shkreli. Even assuming the truth of the TPC's factual allegations, none of the claims can be sustained.[1]

    *First*, Count I is not a proper third-party claim under FRCP 14(a), which provides that a "defending party may, . . ., serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Shkreli's breach of contract claim regarding copyrights in the album is not "dependent on or derivative of the claims in the complaint," which currently only concerns Pleasr's interest in the right to exclusive ownership of the music. *Tatintsian ex rel. Shoplink, Inc. v. Vorotyntsev*, No. 1:16-cv-7203-GHW, 2018 U.S. Dist. LEXIS 106454, at *14 (S.D.N.Y. June 25, 2018) (declining to exercise discretion to allow defendant to implead unjust enrichment claim under FRCP 14); *accord Eckhoff v. Wal-Mart Assocs.*, No. 13-CV-2395 (CS), 2013 U.S. Dist. LEXIS 181156, at *14-15 (S.D.N.Y.

---

[1] Plaintiffs may seek dismissal of the TPC whether the Third Party Defendants move to dismiss the claims against them or not. *See AmTrust N. Am., Inc. v. Safebuilt Ins. Servs.*, 2015 U.S. Dist. LEXIS 162515, at *14-15 (S.D.N.Y. Dec. 1, 2015) ("[T]he (admittedly sparse) authority on this discrete issue of standing suggests that [plaintiffs] are within their rights to seek dismissal of the claims against [the Third-Party Defendants] . . . , whether those parties move to dismiss the claims against them or not.") (citing *Seymour v. Bache & Co.*, 502 F. Supp. 115, 117 (S.D.N.Y. 1980)); *see also* FRCP 14(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately.").

The Third Party Defendants have not yet appeared, however, nor has Shkreli filed proof of service. Given the "admittedly sparse" authority on the issue of ripeness in this context, Pleasr is filing this pre-motion conference request now, within 21 days of service of the TPC on Pleasr. If the Court believes the instant request is premature, however, Pleasr will bring this request after the Third Party Defendants have been served.

Hon. Pamela K. Chen
March 10, 2026
Page 2

ReedSmith

Dec. 30, 2013); *Blais Constr. Co. v. Hanover Square Assocs.-I*, 733 F. Supp. 149, 157 (N.D.N.Y. 1990). Any purported liability of the Third Party Defendants on this Countis wholly separate and independent of Pleasr's claims. Whether the Third Party Defendants are liable to Shkreli for breaching the OPA does not depend on whether Shkreli is liable to Pleasr for misappropriating Pleasr's trade secrets, even if the claims involve similar parties and subject matter.

*Second*, *all Counts* are barred by the Forfeiture Order. Counts II and III are purportedly derivative claims seeking indemnification and declaratory relief under the OPA. Shkreli cannot assert **any** rights under the OPA, including any indemnification rights, after forfeiting his interests pursuant to the Forfeiture Order. The Forfeiture Order, entered in the EDNY before Pleasr purchased the Album, ordered Shkreli to "forfeit his *interest* in . . . as well as all proceeds traceable thereto . . . the album 'Once Upon A Time in Shaolin' by the Wu Tang Clan[.]" The Forfeiture Order did not delineate any specific "interests" in the Album that Shkreli could retain. The language and intent of the forfeiture Order were affirmed by this Court's statements to defense counsel during the August 23, 2024 preliminary injunction hearing:

> I don't know under what construction [Shkreli] could have thought that forfeiting the album, his "interest" in the album, didn't include forfeiting the contents, given that the interest depends on the uniqueness or the singular possession of the contents of that album. . . . The interest is the ability to control that item; what's in it, **what comes with it, everything**. . . . [U]ltimately I'm not going to adopt your interpretation.

ECF 55 at 30:12-33:2 (emphasis added). Accordingly, Shkreli forfeited any interest he once had in the Album, including any purported copyright interests in the Musical Work or any indemnification rights appurtenant to the Album.

*Third*, under the terms of the OPA, any purported indemnification rights are connected with and dependent on Shkreli's purchase and ownership of the Album. These rights were designed to protect the buyer from competing rights at time of purchase and ownership, not any subsequent transfers. In fact, section 6(b) of the OPA states that "***In the event of the*** resale or ***transfer of the Work by the Buyer to another person or entity, Buyer shall: (i) bind such*** buyer or ***transferee by written agreement to the same rights,*** restrictions, and obligations on the use, sale and transfer of the Work as the Buyer is subject to in this Agreement[.]" ECF 23 at 10. Thus, the OPA made clear that all rights encompassed by the Agreement would be passed on to the next owner of the Album in the event of a transfer. All rights passed from Shkreli at the time of his court-ordered forfeiture. Similarly, the indemnification clause indicates that it was intended to cover claims derivative of the Third Party Defendants' breaches or claims against Shkreli brought by "any Wu-Tang Clan group member(s), and/or related party, and any claims from any artist appearing on the Work." *Id.* at 11. Nothing in the OPA indicates that the parties intended for Shkreli to be indemnified against claims derivative of *his own breaches* of a court order.

\* \* \*

For the foregoing reasons, Pleasr requests a pre-motion conference prior to filing a motion to dismiss the TPC.

Respectfully submitted,

*/s/ Steven Cooper*
Steven Cooper