

# TAYLOR DYKEMA

Edward A. Paltzik
Erik Dykema
Meredith Lloyd (*pro hac vice*)
516-526-0341
edward@taylordykema.com
erik@taylordykema.com
meredith@taylordykema.com

March 27, 2026

**VIA ECF**

Hon. Judge Pamela K. Chen
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   ***PleasrDAO v. Shkreli,*** **Case No. 24-cv-4126-PKC-MMH**
       Response to PleasrDAO's Letter Request for Pre-Motion Conference

Your Honor,

This firm represents Martin Shkreli ("Shkreli"), the Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff in the above-captioned matter. In accordance with this Court's Order dated March 19, 2026, we submit this letter in opposition to PleasrDAO's letter request for a pre-motion conference on its anticipated motion to dismiss Shkreli's Third-Party Claims against Robert "the RZA" Diggs and Tarik "Cilvaringz" Azzougarh (together, the "Third-Party Defendants"). We respectfully submit that PleasrDAO's anticipated motion is without merit because Shkreli's Third-Party Claims for breach of contract, contractual indemnification, and declaratory judgment are properly asserted under FRCP 14 and 18; and also because the terms of the Forfeiture Order and the Original Purchase Agreement do not bar these claims.

First, this Court has already concluded that Shkreli's Third-Party Complaint includes indemnification claims against the Third-Party Defendants. *See* Text Order dated February 25, 2026 (discussing "the new indemnification claims Shkreli raises in the Third-Party Complaint"). Fed. R. Civ. P. 18 allows for third-party plaintiffs to join "as many claims as it has against an opposing party" with indemnification claims authorized by Fed. R. Civ. P. 14. Here, Shkreli has brought a third-party claim for contractual indemnification (Count II, ECF 67 at 6 *et seq*.), in

taylordykema.com

addition to his other Third-Party Claims. For this reason alone, each of Shkreli's claims against the Third-Party Defendants are properly included in his Third-Party Complaint.

Second, the Forfeiture Order does not bar Shkreli's Third-Party Claims. In reviewing a motion to dismiss under Rule 12(b)(6), Courts must accept all factual allegations as true and draw all reasonable inferences in the pleading party's favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). For contract claims, "reasonable inferences" include interpretations of ambiguous contractual provisions where the scope, interpretation, or applicability of those provisions is disputed. *See Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.*, 375 F.3d 168, 178 (2d Cir. 2004) (on a motion to dismiss, courts must accept plaintiff's plausible interpretation of contracts where ambiguity exists); *Spinelli v. Nat'l Football League*, 903 F.3d 185, 200 (2d Cir. 2018) (dismissal inappropriate where contract language is subject to competing reasonable interpretations).

Here, it is not unreasonable to infer that the Engraved Box and the Musical Work were treated as separate pieces of property, based on the language of the contracts that govern each transaction at issue. While it is true that this Court discussed the Forfeiture Order at the preliminary injunction hearing on August 23, 2024, it has not concluded that the rights to the Musical Work and the Engraved Box are to be treated as a single interest. ECF 55 at 33:3 (THE COURT: "I'll obviously let you brief this issue more..") As alleged by Shkreli, the Musical Work and the Engraved Box are separate property. The Asset Purchase Agreement ("APA"), which was drafted by the U.S. Marshals Service, expressly addressed this point, disclaiming any and all warranties providing a list of purchased assets that included *only* physical objects. *See generally,* APA. [ECF 22-3]. Notwithstanding these facts, if this Court is inclined to consider the contract language "ambiguous," dismissal is still inappropriate since Courts allow claims to stand "[w]here the contract language is ambiguous, and 'it is not clear whether the contract contemplates the particular factual scenario' " at issue. *Bay St. Advisors, LLC v. Mahoney,* No. 24-CV-9139, 2025 U.S. Dist. LEXIS 194025, at *15-16 (S.D.N.Y. Sep. 30, 2025) (citing *Gould v. Lightstone Value Plus Real Estate Investment Trust, Inc.*, 301 F. App'x 97, 99 (2d Cir. 2008)). Thus, the Forfeiture Order does not entitle PleasrDAO to dismissal of Shkreli's Third-Party Claims.

The Original Purchase Agreement (the "OPA", ECF 23) does not entitle PleasrDAO to dismissal of Shkreli's Third-Party Claims. It does not condition Shkreli's use of the Musical Work on possession or ownership of the Engraved Box. *See generally, id.* Instead, the OPA explicitly requires that Shkreli bind any *subsequent* purchaser to the same restrictions listed in it. *Id.* at 10. It does not require that Shkreli make the same guarantees and representations to subsequent purchasers of the Work, especially since the Third-Party Defendants (referenced in the OPA as "Sellers") explicitly gave Shkreli permission to duplicate the original copy of the Musical Work. *Id.*



2

Under New York law, courts distinguish sharply between covenants and conditions. *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 691 (1995) (declining to construe a contractual covenant as a condition absent "unmistakable language of condition"). Here, the OPA only requires that Shkreli impose the same "Use Restrictions" on future buyers. OPA at 10. Like a restrictive covenant in a contract for the sale of real property, this language does not require that Shkreli transfer all the rights to the underlying asset to a subsequent buyer, and so it does not bar his Third-Party Claims.

For the foregoing reasons, Shkreli respectfully requests that the Court DENY PleasrDAO's request for a pre-motion conference.

Respectfully Submitted,

*/s/ Edward A. Paltzik*
Edward Paltzik – edward@taylordykema.com
Erik Dykema – erik@taylordykema.com
Meredith Lloyd (*pro hac vice*) –
meredith@taylordykema.com

**Taylor Dykema PLLC**
914 E. 25th St.
Houston, TX 77009

*Attorneys for Martin Shkreli*



3