**FNIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PleasrDAO, an exempted foundation company, <br><br> *Plaintiff*, <br><br> v. <br><br> Martin Shkreli, <br><br> *Defendant.* | |
| Martin Shkreli, <br><br> *Counterclaim Plaintiff*, <br><br> v. <br><br> PleasrDAO, <br><br> *Counterclaim Defendant.* | Case No. 24-cv-04126 (PKC) (MMH) <br><br> **ORAL ARGUMENT REQUESTED** |
| Martin Shkreli, <br><br> *Third-Party Plaintiff*, <br><br> v. <br><br> Robert Diggs and Tarik Azzougarh, <br><br> *Third-Party Defendants.* | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS MARTIN SHKRELI'S THIRD-PARTY COMPLAINT**

## PRELIMINARY STATEMENT

Defendant Martin Shkreli's Opposition (the "**Opposition**" or "**Opp.**") fails to establish that Pleasr lacks standing to bring this Motion, or to rebut the three independent grounds for dismissing his Third-Party Complaint set forth in PleasrDAO's ("**Pleasr**") opening brief (the "**Motion**" or "**Mot.**").[1] The Opposition mischaracterizes the relevant authority on standing by conflating the rule that a *defendant* may not move to dismiss claims not asserted against it, with the separate question of whether a *plaintiff* may seek dismissal of a third-party complaint—a question to which the answer is plainly yes. Regarding the claims: (i) Shkreli fails to address that the Forfeiture Order divested him of his indemnification rights, and thus concedes the point; (ii) Shkreli's arguments regarding the scope of the Forfeiture Order improperly conflate a judicially-ordered criminal forfeiture with a voluntary "transfer" under the Copyright Act; (iii) Shkreli fails to demonstrate how his contract breach claim is derivative of claims in the underlying action, as it must; and (iv) Shkreli's indemnification claims fail to engage with the black letter law requiring that indemnification clauses be narrowly construed. Each of these defects is dispositive, and the Third-Party Complaint should be dismissed.

## ARGUMENT

### I.  PLEASR HAS STANDING TO BRING THIS MOTION

Pleasr made clear that it has standing to bring a motion to dismiss and/or strike the Third-Party Complaint under FRCP 12(b)(6) and 14(a)(4). Mot. at 7. Shkreli contends that Pleasr may not, as a matter of law, move to dismiss claims not brought against it under Rule 12(b)(6) and that Pleasr has not met the standing threshold necessary to move to strike Shkreli's Third-Party Complaint under FRCP 14(a)(4). Shkreli is incorrect on both points.

---

[1] All undefined capitalized terms used in this brief bear the same meaning as defined or used in Pleasr's Motion.

1

*First*, a plaintiff like Pleasr may move to dismiss third-party claims not brought against it under FRCP 12(b)(6). *See Cantu v. Flanigan*, No. CV-05-3580, 2006 U.S. Dist. LEXIS 32983, at *18 (E.D.N.Y. May 24, 2006) (dismissing third-party complaint upon consideration of plaintiff's Rule 12(b)(6) motion to dismiss; *AmTrust N. Am., Inc. v. Safebuilt Ins. Servs. ("AmTrust")*, No. 14-cv-09494, 2015 U.S. Dist. LEXIS 162515, at *15 (S.D.N.Y. Dec. 1, 2015) (dismissing third-party negligence, indemnity, and contribution claims for failure to state a claim upon consideration of plaintiff's Rule 12(b)(6) motion); *see also Seymour v. Bache & Co.*, 502 F. Supp. 115, 117 (S.D.N.Y. 1980) (granting plaintiff's Rule 12(b)(6) motion as against defendant's cross-claim of indemnification against co-defendant, noting that a "plaintiff may move to dismiss a third-party complaint even though the third-party defendant does not seek dismissal of the claim.").

Shkreli claims that "authority in this Circuit weighs heavily against even considering a motion to dismiss claims not against the moving party." Opp. at 5. However, nearly every authority he cites invokes the general rule that a *defendant* may not move to dismiss substantive claims not asserted against them.[2] That rule that is inapplicable where, as here, a *plaintiff* seeks dismissal of

---

[2] *See Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-cv-5624, 2025 U.S. Dist. LEXIS 170815, at *23-24 (E.D.N.Y. Aug. 15, 2025) (recommending that defendants' *motion for summary judgment* as to claims brought against another defendant be denied for lack of standing) (emphasis added); *Zhang v. Wen Mei, Inc.,* No. 14-CV-1647, 2017 U.S. Dist. LEXIS 213389, at *22 n.4 (E.D.N.Y. Dec. 28, 2017) (denying FRCP 12 motion to dismiss on other grounds); *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 455 (E.D.N.Y. 2009) (noting that defendants did not have standing to file FRCP 12(b) and (e) motion on behalf of other defendants); *Bd. of Managers of Trump Tower at City Ctr. Condo. v. Palazzolo*, 346 F. Supp. 3d 432, 462 n.4 (S.D.N.Y. 2018) ("*Defendants* do not have standing to move to dismiss the substantive claims not actually asserted against them") (emphasis added); *Dist. Att'y of New York Cnty. v. Republic of the Phil.*, 307 F. Supp. 3d 171, 194-95 (S.D.N.Y. 2018) (finding that class plaintiffs lacked standing to bring a motion for *summary judgment* as against *cross-claims* in which they were not named); *Elisa W. v. City of N.Y.,* No. 15-CV-5273, 2016 U.S. Dist. LEXIS 123332, at *24-25 (S.D.N.Y. Sep. 12, 2016) (holding that a *defendant* cannot assert a Rule 12(b)(6) motion "as against a plaintiff who has asserted no claim against them" and finding that no standing existed because the plaintiff asserted no claims against the moving defendants); *Gordon v. Sonar Capital Mgmt. LLC*, 962 F. Supp. 2d 525, 533 n.4 (S.D.N.Y. 2013) (rejecting *defendants'* arguments for dismissal of claims brought only against unnamed "John Doe" defendants); *Dover Ltd. v. A.B. Watley, Inc.*, No. 04-CV-7366, 2006 U.S. Dist. LEXIS 76004, at *8 (S.D.N.Y. Oct. 18, 2006) (*defendant* lacked standing to attack the legal sufficiency of counts for which he has not been named as a *defendant*); *Chabad Lubavitch of Litchfield Cty., Inc. v. Borough of Litchfield*, No. 09-CV-1419, 2010 U.S. Dist. LEXIS 45677, at *9 (D. Conn. May 7, 2010) (same). *Del Medical Imaging Corp. v. CR Tech USA, Inc.*, No. 08-CV-8556, 2010 U.S. Dist. LEXIS 36415, at *9 (S.D.N.Y. Apr. 13, 2010), which Shkreli cites for the proposition that Rule 12(b)(6) motions are "defensive" and "cannot be asserted by [a party] as against a plaintiff who has asserted no claim against them," neither concerns standing nor contains the quoted language. Opp. at 6. n.6.

a third-party complaint. *AmTrust* highlighted this distinction. There, the court noted that the "cases cited by Third-Party Plaintiffs invoking this general rule have not addressed this specific context" and that the only Second Circuit case the court could locate addressing this issue held that "plaintiff may move to dismiss a third-party complaint even though the third-party defendant does not seek dismissal of the claim." 2015 U.S. Dist. LEXIS 162515, at *14 (citing *Seymour*, 502 F. Supp. at 117). *Amtrust* held that the plaintiff was "within [its] rights to seek dismissal of the claims against . . . Third-Party Defendants." *Id.*

*Second*, the propriety of permitting Pleasr to proceed with its Rule 12(b)(6) motion against Shkreli's Third-Party Complaint is also evident from the language of Rule 14(a)(4), which permits "*any party* . . . [to] move to strike the third-party claim." Shkreli concedes that Rule 14(a)(4) may permit plaintiffs to strike third-party claims not asserted against them. Opp. at 6-7. Courts interpret Rule 14(a)(4) to confer such standing on a plaintiff to strike all claims of a third-party complaint. *See Seymour*, 502 F. Supp. at 117; *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 464 (5th Cir. 1971); *City of Las Cruces v. The Lofts at Alameda, LLC*, 647 F. Supp. 3d 1096, 1104 (D.N.M. 2022); *Turicchi v. Quaid*, No. 18-cv-05082, 2019 U.S. Dist. LEXIS 134901, at *5 (C.D. Cal. Jan. 25, 2019); *Gov't Emps. Ins. Co. v. KJ Chiropractic Ctr. LLC*, No. 12-cv-1138-Orl-36DAB, 2014 U.S. Dist. LEXIS 72563, at *8 (M.D. Fla. May 8, 2014); *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, No. 06-cv-5108, 2007 U.S. Dist. LEXIS 85956, at *5 n.15 (E.D. La. Nov. 20, 2007); *U.S. Fid. & Guar. Co. v. E.L. Habetz Builders, Inc.*, 642 F. Supp. 2d 560, 568-69 (W.D. La. 2007).

Striking claims is tantamount to dismissing claims. *AmTrust* noted that while there is a "difference between dismissing claims" (under FRCP 12(b)) and "striking insufficient defenses and immaterial or scandalous matter from pleadings" (under FRCP 12), "'striking' an entire

3

pleading appears to be tantamount to dismissing it." 2015 U.S. Dist. LEXIS 162515, at \*14 n.3. In *Cantu¸* this Court similarly noted that it did not matter whether the plaintiff styled his motion against the third-party complaint as a motion to dismiss or motion to strike, as the same standard would apply to either motion. *Cantu*, 2006 U.S. Dist. LEXIS 32983, at \*18 n.5. Thus, Pleasr can and should obtain a dismissal either pursuant to its motion to strike each count of the Third-Party Complaint under Rule 14(a)(4), or under Rule 12(b)(6).

*Third*, Shkreli is incorrect that Pleasr lacks an independent basis for standing. Shkreli argues that the plaintiff in *AmTrust* only had standing to pursue its motion to dismiss because it moved jointly with a third-party defendant whom the plaintiff had agreed to indemnify for any liability arising from the action. Opp. at 7 (citing *AmTrust,* 2015 U.S. Dist. LEXIS 162515, at \*15-16). But *AmTrust* does not hold that such an indemnification agreement is a *prerequisite* to standing; it merely identifies indemnification obligations as one way of demonstrating "a meaningful stake in the outcome" of the Third-Party claims. *AmTrust,* 2015 U.S. Dist. LEXIS 162515, at \*15. Pleasr has its own meaningful stakes. It "has an interest in ensuring" that its trade secret and replevin claims against Shkreli are "not subsumed in a larger group of claims aimed at vindicating other alleged wrongs" between Shkreli and the Third-Party Defendants. *Cantu*, 2006 U.S. Dist. LEXIS 32983 (holding that plaintiff had standing to bring motion to dismiss or motion to strike as against the third-party complaint). As noted in Section III of the Motion, Count I of Shkreli's Third-Party Complaint seeks to vindicate a fundamentally distinct wrong—the Third-Party Defendants' sale of Shkreli's purported copyright interests. *See* Mot. at 10-12. Those copyright interests are not relevant to Pleasr's claims against Shkreli and litigating them here will only delay the resolution of this matter. Relatedly, Pleasr has a general interest in "protecting" its "right to prosecute" its case as it wishes, "without the interposition of unwanted parties or claims."

4

*Hanover Ins. Co. v. Avalon Risk LLC*, 2017 U.S. Dist. LEXIS 49519, at \*18 (S.D.N.Y. Mar. 20, 2017) (holding that plaintiff had standing to bring motion to strike under FRCP 14(a)(4) as against third party complaint) (citations omitted). In short, Pleasr's direct interest in protecting the integrity and efficient prosecution of its own claims, and its rights in the Album, provides an ample and independent basis for standing.

*Finally*, the Court "has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim." *Hartford Fire Ins. Co. v. Cty. Asphalt, Inc.*, No. 01 Civ. 6176, 2002 U.S. Dist. LEXIS 22572, at \*6 (S.D.N.Y. Nov. 22, 2002) (quoting the Advisory Committee Notes to Rule 14); *accord Hanover*, 2017 U.S. Dist. LEXIS 49519, at \*18-19. As discussed in the Motion, the Third-Party Complaint is "obviously unmeritorious" considering the Forfeiture Order's broad language requiring Shkreli to forfeit all rights necessary for him to own the contractual rights upon which each of his third-party claims are founded (Mot. at 8-10), the fact that Shkreli's breach of contract claim is not a derivative third-party claim under FRCP 14 (Mot. at 10-12), and the fact that the Third-Party Defendants did not "unmistakably intend" to assume an obligation to indemnify Shkreli against Pleasr's claims under the OPA (Mot. 13-15).

## II.   ALL COUNTS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE FORFEITURE ORDER

Pleasr's Motion made clear that the Forfeiture Order required Shkreli to forfeit *all* interests he once had in the Album, including any purported copyright or indemnification interests in the Album, which serve as the foundation of his third-party claims. Mot. at 8-10. Shkreli's Opposition does not dispute that the Forfeiture Order required him to forfeit his purported indemnification rights under the OPA, however, and therefore concedes the point. *See Alexander v. Cuomo*, No. 24-cv-02179, 2026 U.S. Dist. LEXIS 9150, at \*8 (E.D.N.Y. Jan. 16, 2026) (construing party's

5

failure to respond to an argument made in favor of dismissing complaint as a "concession"); *Bien-Aime v. Ferguson*, No. 24-CV-03667 (HG), 2025 U.S. Dist. LEXIS 221479, at *12 (E.D.N.Y. Nov. 10, 2025) (same). This concession is fatal. As Shkreli concedes, his Third-Party Complaint is dependent on the viability of his contractual indemnification claims against the Third-Party Defendants. *See* Opp. at 11 (FRCP 18 authorizes claims against an opposing party "with indemnification claims authorized by [FRCP] 14"). Without indemnification rights in the Album, Shkreli's indemnification claims (and therefore his Third-Party Complaint) are unmeritorious.

Shkreli's other arguments regarding the Forfeiture Order are also without merit. Shkreli contends that he cannot have forfeited his copyright interests in the Album under the Forfeiture Order because (i) the Copyright Act imposes exacting standards for a "transfer" of copyright interests to be valid, and (ii) the text of the Forfeiture Order does not meet those standards. Opp. at 8-9. Specifically, Shkreli cites to the Copyright Act for the principle that "[o]wnership of a copyright, or any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied" and that *"[t]ransfer* of ownership of any material object, including the copy of phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object." Opp. at 8 (citing 17 U.S.C. § 202). This is a fundamental point in Copyright law, but does address the effect of the Forfeiture Order.

The Forfeiture Order did not purport to "transfer" Shkreli's interests; it mandated, in connection with a criminal conviction, that Shkreli *forfeit* all his interests in the Album (and numerous other possessions) to the United States. A criminal forfeiture under 21 U.S.C. § 853 is a judicially-mandated divestiture of a defendant's property as punishment for criminal conduct— it is not a consensual "transfer" between private parties. *See United States v. Contorinis*, 692 F.3d 136, 146 (2d Cir. 2012) (forfeiture is "designed to punish" defendants through disgorgement of ill-

6

gotten gains); 21 U.S.C. § 853(a) (providing that "[a]ny person convicted of a violation" shall forfeit "any property constituting, or derived from, any proceeds" obtained from the crime); *id.* § 853(p) (mandating forfeiture of substitute assets where direct proceeds cannot be located).

Simply put, the Forfeiture Order, entered pursuant to these statutes, operated as a matter of law to divest Shkreli of all interests in the Album—regardless of whether such interests would otherwise require a written instrument to convey between private parties. The Copyright Act's transfer formalities in 17 U.S.C. § 204, in contrast, govern voluntary assignments of copyright between private parties; they do not constrain the government's exercise of its statutory forfeiture power under the criminal code. Shkreli's attempt to graft the Copyright Act's private-party transfer requirements onto a judicial forfeiture order is without legal basis, and should be rejected.

## III.    COUNT I SHOULD BE DISMISSED BECAUSE IT IS AN IMPROPER THIRD-PARTY CLAIM

Shkreli argues that Count I of his Third-Party Complaint is derivative of Pleasr's claims against Shkreli and thus should not be dismissed. This argument is without merit.

*First*, Shkreli cites to language in the original complaint referencing Pleasr's ownership of the "copyrights in and exclusive right to exploit the recordings," implying that Pleasr's claims must thus be derivative of such rights. Opp. at 13 (citing Compl. at ¶ 29). Pleasr's Motion explained how Count I is not derivative of the claims that survived Shkreli's Motion to Dismiss—namely, because Pleasr's claims are based upon their interest in the right to exclusive ownership of the music and not any copyright interests. Mot. at 10-12. Shkreli's Opposition fails to address this point entirely. The fact that one sentence in Pleasr's Complaint references its copyright ownership in the Album does not mean that all its claims are dependent on such rights.

*Second*, and perhaps even more frivolous, Shkreli points to language in the Court's Motion to Dismiss Order stating that "[t]he right Plaintiff seeks to protect is its exclusive right to make use

7

of the Album, which largely tracks the Copyright Act's protection of the 'exclusive rights' to 'reproduce,' 'distribute,' 'perform,' or 'display' a copyrightable work." Opp. at 13. The Court made this statement only in the context of dismissing Pleasr's Tortious Interference with Prospective Economic Advantage claim, however—a claim that is no longer at issue. Clearly the surviving claims are not similarly dependent on rights that this Court views as analogous to those protected under the Copyright Act. In short, Shkreli does not (and cannot) demonstrate how Count I is "contingent upon the resolution of the plaintiff's complaint" and therefore sufficient under FRCP 14(a). *IntelliPayment, LLC v. Trimarco*, No. 15-CV-01566 (JFB)(GRB), 2016 U.S. Dist. LEXIS 41209, at *10 (E.D.N.Y. Mar. 29, 2016). Count I must therefore be dismissed.

## IV.    COUNTS II AND III FAIL TO STATE A CLAIM FOR CONTRACTUAL INDEMNIFICATION

Pleasr's Motion made clear that Counts II and III, which assert claims for contractual indemnification, should be dismissed because Shkreli independently failed to state facts sufficient to support such claims. Shkreli's Opposition raises two responses to this argument and fails on both fronts.

*First*, Shkreli's Opposition implies that his indemnification claims are viable merely because the Court "already concluded that Shkreli's Third Party Complaint includes indemnification claims against the Third-Party Defendants." Opp. at 11 (citing the Court's February 25, 2026 Text Order). The Court's reference to "new indemnification claims" in a text order does not bear on the sufficiency of those claims and therefore is not an independent basis to sustain those claims.

*Second*, Shkreli argues that the OPA evidences a "clear and unmistakable intent" to cover the claims at issue by merely reciting the text of the OPA Indemnification Provision and stating that requiring any further "specificity" than used in that provision "would render indemnification

8

provisions meaningless." Opp. at 11-12. Shkreli, however, ignores this Circuit's black letter law cited in Pleasr's Motion providing that Courts examine indemnification clauses in the context of the entire contract to narrowly construe otherwise facially broad indemnification obligations "so as to encompass only the loss and damage which reasonable appear[s] to have been within the intent of the parties." *Niagara Frontier Transp. Auth. v. Tri-Delta Constr. Corp.*, 487 N.Y.S.2d 428, 431 (N.Y. App. Div. 1985); *see also Alexsam, Inc. v. Mastercard Int'l Inc.*, No. 15-CV-2799, 2021 U.S. Dist. LEXIS 2508, at *13-14 (E.D.N.Y. Jan. 6, 2021); *CVS Pharmacy, Inc. v. Press Am. ("CVS Pharmacy"), Inc.*, 377 F. Supp. 3d 359, 379 (S.D.N.Y. 2019); *Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989).

Shkreli addresses only *one* of these authorities, *CVS Pharmacy*, which ultimately sustained defendant's indemnification claim "in the context of the surrounding circumstances." *CVS Pharmacy*, 377 F. Supp. 3d 359, 381. Shkreli fails to address the "surrounding circumstances" of the OPA, however, other than to point to a provision in the OPA providing that the Third-Party Defendants purportedly made "'irrevocable' guarantees of performance." Opp. at 12-13 (citing OPA § 7(g)). As an initial matter, the only guarantee in that provision is the Third-Party Defendants' guarantee of "any payment or indemnity obligation herein," which does not identify or explain *what*, specifically, the Third-Party Defendants were obligated to indemnify Shkreli for under the OPA. Moreover, as Pleasr's Motion noted, the OPA contemplated that Shkreli would transfer his indemnification rights upon his transfer or sale of the Work to another person or entity. Mot. at 14-15. Shkreli does not explain how he could retain any rights in the Album under that provision, after forfeiting it. He also offers citations that do not address this situation. *See Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993) (indemnification provision's coverage of "all liabilities . . . as they exist on the Closing Date *or arise thereafter*" foreclosed any

9

argument that the parties did not include a clear expression of their intent to account for statutory enactments changing the parties obligations after their contract was executed); *Belt Painting Corp. v. TIG Ins. Co.*, 795 N.E.2d 15, 16 (N.Y. 2003) (finding that pollution exclusion clause in an insurance contract did not clearly and unequivocally exclude a personal injury claim arising from indoor exposure to plaintiff insured's tools of its trade); *see also Best Brands Consumer Prods. v. Versace 19.69 Abbigliamento Sportivo S.R.L.*, No. 23-1115-cv, 2024 U.S. App. LEXIS 14251, at *6 (2d Cir. June 12, 2024) (affirming denial of attorneys' fees where indemnification provision did not contain "unmistakably clear" language to shift attorney's fees between parties); *10 Ellicott Square Court Corp. v. Mt. Valley Indem. Co.*, 634 F.3d 112, 119 (2d Cir. 2010) (analyzing the "plain meaning" of the term "executed" to determine whether indemnification contract was executed); *Xiaohong v. Dingledine*, No. 23-cv-11094, 2025 U.S. Dist. LEXIS 108096, at *8 (S.D.N.Y. June 6, 2025) (not concerning an indemnification clause); *Essex Ins. Co. v. Laruccia Constr., Inc.*, 898 N.Y.S.2d 558, 560 (N.Y. App. Div. 2010) (same).

## CONCLUSION

For the foregoing reasons and those set forth in Pleasr's opening Motion, Pleasr respectfully requests that the Court grant its Motion and dismiss Shkreli's Third-Party Complaint in its entirety.

Dated: June 5, 2026

Respectfully Submitted,

*/s/ Steven Cooper*

Steven Cooper
Robert Carnes (*pro hac vice*)
REED SMITH LLP
599 Lexington Ave., 22nd Floor
New York, New York 10022
Tel. 212-521-5400
Fax. 212-521-5250
*Attorneys for PleasrDAO*

## **WORD CERTIFICATION**

I hereby certify that the word count of this Memorandum of Law complies with the word limit of Local Rule 7.1(c). According to the word-processing system used to prepare this Memorandum of Law, the total word count for all printed text, exclusive of the material omitted under Local Rule 7.1(c), is 3,418 words.


Dated: New York, New York
June 5, 2026


*/s/ Steven Cooper*
Steven Cooper
