# TAYLOR DYKEMA

Taylor Dykema PLLC

Edward Andrew Paltzik
Erik Dykema
Meredith Lloyd
Direct: 516-526-0341
edward@taylordykema.com

June 12, 2026

**VIA ECF**

Hon. Pamala K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn. NY 11201

Re:   **Request for Leave to File a Sur-reply Responding to New Request for Relief and Arguments in PleasrDAO's Reply in Further Support of Motion to Dismiss Third-Party Complaint,** *Case No. 1:24-cv-04126*

Dear Judge Chen,

This firm is counsel to Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff Martin Shkreli ("Shkreli") in the above-captioned matter. We respectfully submit this informal request[1] for leave to file a sur-reply addressing the new arguments and requests raised in PleasrDAO's Reply Memorandum of Law in Further Support of its Motion to Dismiss Martin Shkreli's Third-Party Complaint ("Reply," ECF 87). Shkreli further submits that the Parties have met and conferred via email, and PleasrDAO does not consent to this request.

A sur-reply is appropriate since it will allow Shkreli the opportunity to respond to "new issues which are material to the disposition of the question before the court…" *SEC v. Xia*, No. 21-CV-5350 (PKC) (RER), 2022 U.S. Dist. LEXIS 126176, at *3-4 (E.D.N.Y. July 15, 2022) (citing *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975)) (internal quotation marks removed). The new issues include (1) PleasrDAO's request that this Court strike the Third-Party Claims, (2) arguments that the Third-Party Claims should are "obviously

---

[1] Importantly, "the party seeking to submit reply papers should submit an informal request in writing . . . [in advance of filing its sur-reply]," to avoid "placing the [sur-reply] before the court, [and] thereby reducing the question of whether the [sur-reply] should be accepted for filing to relative unimportance." *SEC v. Xia*, No. 21-CV-5350, 2022 U.S. Dist. LEXIS 126176, at *3-4 (E.D.N.Y. July 15, 2022) (Chen, J.) (internal citation omitted).

The Honorable Pamela K. Chen
*PleasrDAO v. Shkreli,* Case No. 1:24-cv-04126
June 12, 2026

unmeritorious,[2]" and (3) arguments relating to PleasrDAO's purported "interest" in resolution of the Third-Party Claims. ECF 87. None of these issues were raised in PleasrDAO's original motion papers (the "Motion"), and all are material to resolving the question of whether PleasrDAO has standing to bring its original Motion.

The Motion did not ask this Court to strike the Third-Party Claims. PleasrDAO's Motion described only the standards applicable to 12(b)(6) motions to dismiss and reiterated PleasrDAO's position that Shkreli had failed to *sufficiently plead* his Third-Party Claims. *See, e.g.,* ECF 87 at 10, ("Shkreli has not pled sufficient facts to obtain damages…"); 16 ("requests that the Court grant its motion and dismiss Shkreli's Third-Party Complaint in its entirety"); § IV ("Counts II and III Fail to State a Claim…").

Although its Motion did include one citation to Rule 14(a)(4) nested within a string of citations (ECF 86 at 8), PleasrDAO did not ask this Court for any relief under Rule 14 and did not present argument relating to this additional relief until its Reply. The standards are distinct. In contrast to the *Twombly/Iqbal* standard that governs 12(b)(6) Motions, "[a] court considers the same factors in deciding a motion to strike a third-party complaint as it does in granting leave to serve a third-party complaint." *Kenny v. City of N.Y.*, No. 09-CV-1422, 2011 U.S. Dist. LEXIS 109057, at *6-7 (E.D.N.Y. Sep. 26, 2011) (internal citations omitted). Leave to file third-party complaints "should be freely granted to promote judicial efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Id.* (citing *Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 401 (E.D.N.Y. 2009)).

Thus, the request for additional or alternative relief raises a new issue. An issue that must be properly addressed with a sur-reply.

Respectfully Submitted,

*/s/ Edward Andrew Paltzik*
Edward Andrew Paltzik, Esq.
Erik Dykema, Esq.
Meredith Lloyd, Esq. (*pro hac vice*)

---

[2] ECF 87 at 6 (system-generated pagination used).

